Gordon P. CHAMBERS, Receiver of Bradford Motors, Inc., Plaintiff-Appellant,

v.

Charles R. BLICKLE, Defendant-Appellee.

No. 182, Docket 27824.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1962.

Decided Jan. 7, 1963.

**252**

tions of the complaint do not assert the essential factual elements necessary to effect service under the Connecticut civil process statute, Sec. 52–59(a) against non-resident defendants." This we hold to be error. No such requirement of pleading in the complaint of the basis for substituted service is found in the Federal Rules of Civil Procedure, and would, we think, depart from the spirit of Rule 8(a). On a proper showing, defective purported service may of course be quashed, but defects in service may be waived, or, even after a defective attempted service, effective personal or other service may yet be had. A complaint alleging a claim within the diversity jurisdiction should not be dismissed because it does not also allege the manner in which service is to be accomplished.

Reversed and remanded.

John D. Fassett, New Haven, Conn. (Wiggin & Dana, New Haven, Conn., on the brief), for plaintiff-appellant.

Donald F. Keefe, New Haven, Conn. (Richard G. Bell, and Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., on the brief), for defendant-appellee.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

PER CURIAM.

This civil action in which jurisdiction is based on diversity of citizenship, the amount in controversy exclusive of interest and costs exceeding $10,-000, was dismissed because "The allega-

