Edward F. **MAHLMAN**, Plaintiff,

v.

**BILLINGS AUTOMOTIVE TRAINING CENTER, INC.**, a corporation, **Denver Automotive Institute, Inc.**, a corporation, and **Thomas Collins**, aka **Tom Collins**, Defendants.

Civ. No. 68–547.

United States District Court
D. Oregon.

Feb. 11, 1969.

Noreen A. Saltveit, Portland, Or., for plaintiff.

Calvin H. Luetjen, Sandeberg, Recken & Luetjen, Portland, Or., for defendants.

OPINION

BELLONI, Judge.

The defendants, all non-residents, moved to dismiss for lack of in personam jurisdiction. They contended that there was insufficient contact on their behalf to subject them to suit in Oregon.

The complaint states essentially a breach of contract, however, there is also brief reference to tortious conduct.

The facts, as I find them to be and as relevant to the contract action are as follows:

Plaintiff became acquainted with defendant Tom Collins when both lived and worked in California. Later, Collins went to Denver, Colorado, with the defendant Denver Automotive Institute and plaintiff moved to Oregon where he had resided previously. While in Oregon the plaintiff heard from Tom Collins that Denver Automotive Institute might open an office in Billings, Montana, under the name of Billings Automotive Institute. Plaintiff went back to California to work for another company. There he received a letter from Tom Collins, then a representative of defendants, telling him what employment with them might offer. Later the plaintiff telephoned Tom Collins from Los Angeles to Billings, Montana, and tentatively accepted employment. Plaintiff then moved from California to Montana where a contract of employment was entered into. Plaintiff worked for defendants for a period of time and then the plaintiff claims he was wrongfully ousted.

■ It is now established that the State of Oregon intends the limits of its Long Arm Statute to be the outer-rim of federal due process. State ex rel. Western Seed Production Corporation v. Campbell, 86 Or.Adv.Shts. 957, 442 P.2d 215 (1968); State ex rel. White Lumber Co., Inc. v. Sulmonetti, 87 Or.Adv.Shts. 649, 448 P.2d 571 (1968).

■ A basic of due process is that the defendants must have sufficient contacts with the forum state so the tenets of fair play and substantial justice are not offended when they are required to respond to process in a foreign state. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ Looking at the plaintiff's deposition in a light most favorable to him, I cannot find any meaningful act performed by the defendants within the State of Oregon. The most that can be said is the plaintiff heard while in Oregon that there might be a job some day with the defendants. The plaintiff frankly admits that he did not act in any way towards acceptance of employment until some time after leaving Oregon. Further, the employment contract itself was entered into in Montana, not Oregon. The plaintiff also argues that the breach of the contract occurred in Oregon. With this I do not agree. It appears as though the breach, if any, occurred in Montana when plaintiff's draw against his commissions was cut off.

■ I find little or no contact or the transaction of any business by the defendants within the state of Oregon, let alone "sufficient contacts" required to fulfill federal due process. Thus the contract theory fails to state any basis for this court's jurisdiction.

The facts found to be relevant to the tort claim show that after the alleged breach of the employment contract the plaintiff went to Portland, Oregon. This was near the 1st of April, 1968. When he left the employment of the defendant he took certain records. The defendant, Collins, wrote plaintiff a letter and requested the return of these records. When the plaintiff did not comply with this request the defendant Collins wrote another letter with a similar request adding by implication that the defendant would give an unfavorable recommendation to prospective employers who would inquire about the plaintiff.

The plaintiff alleges that he was prevented from gaining further employment because the defendants gave damaging and untrue statements concerning his character and qualifications to a prospective employer; but in his deposition, once again viewed in a light most favorable to the plaintiff, the most I can find in the way of tortious conduct within Oregon is that the plaintiff "suspects" the defendant gave a prospective employer a tainted appraisal of his abilities.

This "suspicion" is rather weightless when the plaintiff's own deposition testimony reveals that he secured employment with the very employer he claims the defamatory statements were made to.

This is essentially a complaint for the breach of a contract. The entire prayer seeks damages on a contract theory. No damages are requested for the brief reference to the defamation. The tort theory seems to be at best an afterthought. We cannot hang the court's jurisdiction on such a tenuous hook.

The motion to dismiss is granted.