**STIRLING HOMEX CORPORATION,**
Plaintiff-Appellant,

v.

**HOMASOTE COMPANY, Defendant-**
Appellee.

**No. 384, Docket 35428.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 13, 1971.

Decided Jan. 25, 1971.

William D. Hall, Washington, D. C.
(John R. Garrity, Rochester, N. Y., on
the brief), for plaintiff-appellant.

Frederick A. Zoda, Trenton, N. J.
(Charles Shepard, Rochester, N. Y., on
the brief), for defendant-appellee.

Before WATERMAN, FRIENDLY
and KAUFMAN, Circuit Judges.

PER CURIAM:

Stirling Homex Corp. sought a declaratory judgment in the District Court for

the Western District of New York decreeing that its use of the word "Homex" in connection with prefabricated housing modules did not infringe the Homasote Company's trademark for masonry expansion joint fillers. The district court dismissed Stirling's complaint because it failed to allege that the district court had personal jurisdiction over the defendant.[1] Leave to file an amended complaint was denied, on the ground that Stirling could not "cure retroactively service that was defective when made." We reverse.

Rule 8(a) of the Federal Rules of Civil Procedure prescribes the rather simple requirements of a sufficient complaint. Besides a straightforward statement of the claim and a demand for judgment, the complaint need contain only "a short and plain statement of the grounds upon which the court's jurisdiction depends, * * *" Any doubt that the term "jurisdiction" in this context refers to subject matter rather than personal jurisdiction can be resolved by reference to Form 2 of the Rules, which speaks only of subject matter jurisdiction. See Rule 84. Cf. Chambers v. Blickle, 312 F.2d 251 (2d Cir. 1963).[2]

Because the district court may also have dismissed the complaint on the mistaken belief that personal jurisdiction did not lie, we note that we are of the view that Homasote was "doing business" in New York and that effective service of original process was made, thereby vesting the court with jurisdiction of the defendant. A Homasote salesman operating exclusively in the Western District of New York regularly solicited orders from the company's seven distributors in the area, and inspected "hundreds" of construction sites where Homasote products were in use. Moreover, Homasote drivers made deliveries in the district twice weekly using trucks leased by the company and the total value of these deliveries in 1969 exceeded $750,000. It is clear that Homasote had subjected itself to the jurisdiction of the New York courts pursuant to § 301 of the New York Civil Practice Law and Rules. CPLR §§ 311, 313 authorize out-of-state service on an officer of such corporations. Here, Homasote's president was personally served at company headquarters in New Jersey. Under Federal Rules 4(d) (7), (f) the district court thereby acquired personal jurisdiction of the corporation.

Reversed and remanded.

---

1. The district court listed improper venue and defective service as additional grounds for dismissal, but these shortcomings rested upon the complaint's failure to allege personal jurisdiction.

2. Because Rule 8(a) specifies the formal requirements of a complaint in a civil suit in the federal court, New York law is not binding. This would be true even in a case where federal jurisdiction was founded on diverse citizenship. See Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); Iovino v. Waterson, 274 F.2d 41 (2d Cir. 1959), cert. denied sub nom. Carlin v. Iovino, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960). Cf. Lebensfeld v. Tuch, 43 Misc.2d 919, 252 N.Y.S.2d 594 (Sup. Ct.1964).