BOARD OF EDUCATION OF the CITY SCHOOL DISTRICT OF the CITY OF CINCINNATI et al., Plaintiffs-Appellants,

v.

DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, REGION 5, et al., Defendants-Appellees.

No. 75–1918.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 17, 1976.

Decided March 31, 1976.

Rehearing Denied May 4, 1976.

C. R. Beirne, Beirne & Wirthlin, John A. Lloyd, Jr., Frost & Jacobs, Cincinnati, Ohio, for plaintiffs-appellants.

William W. Milligan, U. S. Atty., Robert J. Kielty, Cincinnati, Ohio, Brian K. Landsberg, Marie E. Klimesz, Dept. of Justice, Washington, D. C., for defendants-appellees.

Before PHILLIPS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

PER CURIAM.

This is an action for declaratory judgment and injunctive relief involving the denial of federal emergency school funds to

the Cincinnati school system. The action was filed by the Cincinnati Board of Education against the Department of Health, Education and Welfare and the Commissioner and certain other personnel of that Department (HEW). The statute involved is the Emergency School Aid Act, 20 U.S.C. §§ 1601–19 (1974).

The District Court denied the Board's motion for summary judgment and granted summary judgment in favor of HEW. The Board appeals. We reverse and remand.

HEW denied the Board's application for school funds on four separate grounds. One of the grounds was alleged racial discrimination against children growing out of the Board's nonimplementation of a previously adopted desegregation plan. The District Court correctly held that this issue is "unresolvable on the present. record." The summary judgment order was based on HEW's other three grounds for denial of funds: (1) That the Board's policy of teacher assignments did not comply with HEW requirements; (2) that "the Board had not given HEW assurance that it was not ineligible on the ground that it assigned students to ability groups etc. without educational justification" under the statute and regulations; and (3) that the Board had not provided HEW with assurance "that it was not ineligible on the ground that it was transferring property or services to any nonpublic school which is operated on a racially segregated basis" as specified in the statute and regulations.

■ Fed.R.Civ.P. 56(c) authorizes summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Tee-Pak Inc. v. St. Regis Paper Co.,* 491 F.2d 1193, 1195 (6th Cir. 1974). In ruling on a motion for summary judgment, the court must construe evidence against the movant and in its most favorable light as to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir. 1962). As said by Judge Shackelford

Miller, Jr., in *S. J. Groves & Sons Co. v. Ohio Turnpike Commission,* 315 F.2d 235, 237 (6th Cir. 1963), *cert. denied,* 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963): "This Court has on several cases expressed the view that a trial judge should be slow in disposing of a case of any complexity on motion for summary judgment."

■ We agree with the District Court that the issue of nonimplementation of a previously adopted desegregation plan involves genuine issues of material fact "unresolvable on the present record." We hold that the other three grounds advanced by HEW for denying the Board's application for funds also involve genuine issues of material fact. Therefore, the summary judgment must be reversed and the case remanded for appropriate evidentiary hearing and findings of fact.

■ There is now pending in the District Court a school desegregation case involving many of the issues of fact that are presented in the instant case. *See, Bronson v. Board of Education,* 525 F.2d 344 (6th Cir. 1975). The issues of fact involved in *Bronson* should be determined either before or contemporaneously with the determination of the issues of fact in the present case. To this end the District Court is directed, on remand, not to enter a final judgment in the present case until a final judgment has been entered in *Bronson.*

On June 21, 1974, the District Court entered an order and on June 27, 1974, a supplemental order in the present case directing the defendants to create and obligate a fund in the amount of $1,200,000 from fiscal year appropriations of the Emergency School Aid Act, "such moneys to be available in connection with the application in the event and to the extent that the plaintiff Board is found by this court or pursuant to its order to be entitled to such moneys." A copy of this order and supplemental order is made an appendix to this opinion.

On May 29, 1975, the District Court directed that its orders of June 21 and 27, 1974, continue in effect pending the appeal

of this case unless terminated by the Court of Appeals.

This court directs that the aforesaid orders of the District Court (appendix hereto) remain in force until final disposition of the present case at both the trial and appellate levels.

That part of the decision of the District Court denying the motion of the Board of Education for summary judgment is affirmed. The order granting HEW's motion for summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion. No costs are taxed. Each party will bear its own costs on this appeal.

## APPENDIX

On June 21, 1974, the District Court entered the following order:

This cause came on for hearing on the motion of plaintiffs for an order requiring defendants to segregate and hold for plaintiff Emergency School Aid funds for which plaintiff, Board of Education of the School District of the City of Cincinnati, has made application to defendants, and the Court having heard the representations of counsel, it is the Order of the Court, that:

Defendants are hereby ORDERED to set aside, and hold available for use by plaintiff Board, out of any funds under defendant's control by virtue of Title 20 U.S.C. 1601, et seq., the sum of $1,200,000.00, which is a portion of the funds for which plaintiff Board made application in its filing on December 26, 1973, and which was rejected by defendants on April 25, 1974, and defendants are further ORDERED to take whatever steps may be necessary to make such funds available for the purposes set forth in the plaintiffs' application for a grant, including the reassignment, reallocation or the recall of any funds which may have been heretofore available to defendants to remit to the plaintiffs.

The foregoing Order shall remain in effect until the Court's further order.

On June 27, 1974, the following supplemental order was entered:

Whereas the plaintiffs have filed herein a Complaint for declaratory and injunctive relief and whereas plaintiffs have made complex claims regarding statutory compliance and eligibility under the Emergency School Aid Act;

Whereas this Court by Order dated June 21, 1974, has issued an order requiring the defendants to reserve $1,200,000.00 heretofore available to the defendants, for the purposes set forth in the plaintiff Board's application for assistance under the Emergency School Aid Act pending the Court's further order;

Whereas it appears unlikely that a hearing on the merits in this case can be heard or any decision rendered before June 30, 1974;

Whereas the parties recognize that pursuant to Section 405 P.L. 93–192 (approved December 18, 1973, Emergency School Aid Act appropriations are not available for obligation beyond June 30, 1974; and

Whereas the parties are desirous of ensuring that such appropriated funds are used for the purposes for which appropriated under the Emergency School Aid Act;

Now, therefore, after consideration of all of the above it is this 27th day of June, 1974, ORDERED by the United States District Court for the Southern District of Ohio (Western Division):

(1) That the defendants are hereby directed to immediately create and obligate a fund in the amount of $1,200,000.00 from Fiscal Year 1974 appropriations of the Emergency School Aid Act, Section 705 (20 U.S.C. 1604), such monies to be available in connection with the application of the plaintiff Board in the event and only in the event, and to the extent that the plaintiff Board is found by this Court or pursuant to its order to be entitled to such monies;

(2) That defendants are directed to designate, name and delineate the alternative recipients of the above-named

fund and to obligate monies from such fund to said alternative recipients, said monies to be available to said alternative recipients in the event and to the extent that plaintiff Board is found by this Court or pursuant to its order not to be entitled to such monies.

On May 1, 1975, the District Court entered an order continuing in effect the above-quoted orders of June 21, 1974, and June 27, 1974, until further order of the court.