George Q. MILWEE, Jr., etc., Plaintiff,

v.

The PEACHTREE CYPRESS INVEST-
MENT COMPANY et al., Defendants.

No. CIV–4–77–17.

United States District Court,
E. D. Tennessee,
Winchester Division.

Nov. 11, 1977.

Jordan Stokes, III, Nashville, Tenn., for plaintiff.

H. Fred Ford, Nashville, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

This is a civil action seeking compensatory and punitive damages and asking this Court to "set aside" a purported corporate merger. The Court's jurisdiction was attempted to be invoked under the provisions of several federal securities statutes and also on the basis of the diverse citizenship of the parties and the requisite amount in controversy. The defendants moved for a dismissal hereof, ostensibly for lack of the Court's jurisdiction of the subject matter, lack of jurisdiction of their person, and for the failure of the plaintiff to state a claim against them upon which relief can be granted. Rules 12(b)(1), (2), (6), Federal Rules of Civil Procedure. The defendants moved also for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure.

Such motions were referred to a magistrate of this district for a recommendation as to their disposition by the Court. 28 U.S.C. § 636(b)(1)(B). It was recommended that each such motion be denied, although it was indicated that, as to any purported claim of the plaintiff under the federal securities laws, the Court would lack jurisdiction of the subject matter. The defendants served and filed timely written objections to such recommendation, to the extent that it recommended the denial of their aforementioned motions. 28 U.S.C. § 636(b)(1). An oral hearing on such objections was held on September 14, 1977.

Initially, the plaintiff Mr. Milwee was proceeding herein *pro se*; however, at the time of the oral hearing counsel appeared for the plaintiff. Accordingly, the plaintiff was allowed 15 days within which to amend his complaint to clarify his claims herein. Mr. Milwee filed a second amended complaint which, of course, was not before the magistrate at the time of his recommendation. Thus, the Court will consider each of the defendants' motions *de novo*. *Idem*.

▮ Pretermitting all other matters is a determination of this Court's jurisdiction of the subject matter, for, without a finding that such jurisdiction exists, this Court is without power to proceed. *Memphis Am. Fed. of Tecrs., L. 2032 v. Bd. of Ed.*, C.A. 6th (1976), 534 F.2d 699, 701[1]. It appears that, by his second amended complaint, the

plaintiff has abandoned any claims he might have been advancing under the federal securities laws. In any event, for the reasons stated by the magistrate in his report and recommendation herein of August 9, 1977, this Court lacks jurisdiction as to any such claims. However, the Court does have jurisdiction on the basis of diversity of citizenship of the parties and the requisite amount. 28 U.S.C. § 1332(a)(1), (c).

The thrust of the plaintiff's claim herein is that the Tennessee Land and Development Company, Inc. (Land) was incorporated in Tennessee on June 1, 1948 with its only asset being real estate most of which was located within this district; that the plaintiff's father George Q. Milwee, Esq. was the owner of 100 shares of the stock in such corporation and served also as a director and officer thereof; that Land failed to pay its state franchise taxes for the year 1949 and, accordingly, on June 21, 1950, its charter was revoked by the Tennessee secretary of state, but thereafter that the real estate owned by Land remained in the corporate name; that the individual defendants became aware in 1974 of the fact that this defunct corporation held title to such Tennessee realty and conspired to acquire the same by paying the past due franchise taxes owed by Land, having its charter reinstated, and merging such corporation with the defendant Peachtree Cypress Investment Company, Inc. (Peachtree) which was a Georgia corporation controlled by them.

That pursuant to such plan of conspiracy the individual defendants filed with the Tennessee commissioner of revenue on January 21, 1975 a statement falsely representing themselves to be officers of Land and falsely stating that no third party would be injured by the reinstatement of its charter; that on the same day the defendants Messrs. Terry J. Aiken and Fred F. Filsoff, falsely representing themselves as president and secretary, respectively, of Land, filed with the Tennessee secretary of state a merger resolution, stating falsely that Peachtree owned all the capital stock of Land; and that, based upon these false representations, the Tennessee commission-

er of revenue authorized the Tennessee secretary of state to reinstate the charter of Land which was done, the defendants having previously paid all outstanding franchise taxes of such corporation.

It is the plaintiff's contention that upon the revocation of Land's charter in 1950 such corporation's assets passed to its four stockholders or their heirs, and that, accordingly, his late father's estate has been deprived by the defendants of Mr. Milwee, Sr.'s ¼ interest in the assets of such corporation. The plaintiff contends that the aforementioned charter reinstatement and the merger of Land with Peachtree was illegal and should be declared void by this Court. He also seeks compensatory and punitive damages and attorney's fees.

The defendants' motion for a summary judgment asserts that this action is barred by a compromise or release executed on behalf of the plaintiff by his agent Mr. James H. Marks. Such motion was supported by an affidavit and other documents. Rule 56(e), Federal Rules of Civil Procedure.

Summary judgment is " * * * a procedure whose purpose is to test whether facially adequate allegations have sufficient basis in fact to warrant plenary presentation of evidence. * * * " *Blackledge v. Allison* (1977), 431 U.S. 63, 80, 97 S.Ct. 1621, 1632, 52 L.Ed.2d 136, 151[8]. It " * * * is clearly intended to be used to pierce the allegations of the pleadings and allow the trial court to dispose of the case in advance of the hearing on the merits when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact. * * * The objective is to separate the sham and insubstantial from the real and genuine issues of fact. * * * " *Bryant v. Commonwealth of Kentucky*, C.A. 6th (1974), 490 F.2d 1273, 1274–1275[4, 5]. Its purpose is not to cut litigants off from their right of trial by jury if they really have genuine factual issues to try. *Poller v. Columbian Broadcasting System* (1962), 368 U.S. 464, 468, 82 S.Ct. 486, 488, 7 L.Ed.2d 458, 461[2]. Summary judgment is only

appropriate, however, where the documents tendered to the court disclose that no genuine issue of material fact remains to be decided—the court may not resolve disputed issues of fact in considering such a motion. *Felix v. Young*, C.A. 6th (1976), 536 F.2d 1126, 1130[2].

In ruling on a motion for summary judgment, the court must construe the evidence against the movant and in its most favorable light as to the party opposing the motion. *Board of Ed., Cincinnati v. Department of H. E. W.*, C.A. 6th (1976), 532 F.2d 1070, 1071[1, 2]. The movant has the burden of demonstrating that there is no genuine issue of fact, and any doubt as to the existence of such an issue is resolved against the moving party. *Short v. Louisville and Nashville Railroad Company*, D.C. Tenn. (1962), 213 F.Supp. 549, 550[2]. " * * * But, the whole purpose of summary judgment procedures would be defeated if a case could be forced to trial by a mere assertion that a genuine issue exists, without any showing of evidence. * * * " *Idem.*

" * * * Accordingly, where the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact. * * * " *Bryant v. Commonwealth of Kentucky, supra*, 490 F.2d at 1275[4, 5]; *accord*: Rule 56(e), Federal Rules of Civil Procedure; *First National Bank v. Cities Service Co.* (1968), 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569, 592[15]; *James R. Snyder Co. v. Edward Rose & Sons*, C.A. 6th (1976), 546 F.2d 206, 210[3]; *Daily Press v. United Press International*, C.A. 6th (1969), 412 F.2d 126, 134[5], certiorari denied (1969), 396 U.S. 990, 90 S.Ct. 480, 24 L.Ed.2d 453. However, the mere hope by the party opposing summary judgment that evidence may turn up to support his position does not suffice to warrant a trial. 6 Moore's Federal Practice (2d ed.) 56–422, ¶ 56.15[1.–06].

In support of their motion for a summary judgment, the defendants submitted a power of attorney executed and sworn to by the plaintiff Mr. Milwee on April 5, 1976, whereby he appointed Mr. James H. Marks his agent:

> * * * to act in [his] behalf and in [his] interest in the matter of The Tennessee Land & Development Corporation, and the settlement of the estate of [his] late father, G. Q. Milwee, * * * to sign [his] name to all the necessary documents pertinent to said matter and to execute all manner of legal and equitable forms in [his] name, where necessary, towards accomplishing the settlement of said estate and the matter pertaining to his interest in the said corporation; and to do, execute and perform all and every act or acts, thing or things, in law and equity needful and necessary to be done in and about the premises, as fully, completely, and amply, to all intents and purposes whatsoever as [the plaintiff] might or could do if acting personally. * * *

Therein, Mr. Milwee, Jr. also ratified and confirmed all lawful acts done by his so-designated agent Mr. Marks.

The defendants also submitted an "agreement" whereby Mr. Marks, acting " * * * under and by virtue of a general power of appointment from George Q. Milwee, Jr., individually and as executor of the estate of G. Q. Milwee, Sr., * * * " executed the same with the defendant Peachtree. Therein, the plaintiff, both in his individual capacity and as the executor of his father's estate:

> * * * * * *

> * * * agree[d] to hold the [defendant Peachtree] harmless from any acts which may have been committed up to and as of the date of this agreement as it affects the Estate of the said G. Q. MILWEE, SR., ESQ., and further agrees to forego any legal proceedings said Estate may have which would question the validity of a merger of [Peachtree] and the acts of its stockholders, officers, directors and THE TENNESSEE LAND AND DEVELOPMENT COMPANY, INCORPORATED effected on January 21, 1975, as recorded of record in the office of the Secretary of State, Corporate Division, of the State of Tennessee.

> * * * * * *

Mr. Milwee failed to dispute the existence or contents of these documents; thus they stand uncontroverted. See *R. E. Cruise, Incorporated v. Bruggeman*, C.A. 6th (1975), 508 F.2d 415, 416. Facially then, it appears that Mr. Milwee, Jr. released or compromised any claims which he might otherwise have had concerning the validity of the defendants' conduct in the matters which are the subject of this action.

▮ "* * * Settlements are favored under Tennessee law because the parties have amicably resolved a dispute without resort to litigation. * * *" *Edwards v. Travelers Insurance of Hartford, Connecticut*, C.A. 6th (1977), 563 F.2d 105, 116. This is also the federal rule, and "* * * presumptively, the parties to the compromise in question possessed the right to thus adjust their differences. * * *" *Williams v. First Nat. Bank* (1910), 216 U.S. 582, 595, 30 S.Ct. 441, 445, 54 L.Ed. 625, 631; *accord: St. Louis Mining & M. Co. v. Montana Mining Co.* (1898), 171 U.S. 650, 656, 19 S.Ct. 61, 63, 43 L.Ed. 320, 322. A valid compromise, settlement, or release operates as a bar of any future litigation arising out of the matters covered thereby, *United States v. Chouteau* (1881), 102 U.S. (12 Otto) 603, 26 L.Ed. 246, 248–249, and any judicial examination into such matters is thereby foreclosed, *United States v. Child* (1871), 79 U.S. (12 Wall) 232, 20 L.Ed. 360.

▮ In response, however, the plaintiff contends that any such compromise or release executed by Mr. Marks as his agent is not valid and binding. Mr. Milwee's affidavit was submitted, wherein he stated that "* * * [n]ever at any time has [he] individually or as administrator of his father's estate received any money or other valuable consideration from anyone representing Peachtree Cypress Investment Company or from James H. Marks. * * *" Although the agreement executed by Mr. Marks recited and acknowledged the sufficiency of consideration therefor, such does not preclude proof by Mr. Milwee, Jr. that the consideration was never paid, for the purpose of preventing such agreement's having legal operation. See *York Manufg. Co. v. Ill.*

*Cent. R. R. Co.* (1866), 70 U.S. (3 Wall) 107, 18 L.Ed. 170, 172. "* * * If in fact there was no consideration for a promise, [the agreement] is not made enforceable by the fact that there is a written recital of consideration or by an acknowledgement that a consideration has been given and received. The facts can be proved by other testimony, in direct contradiction of the recital or acknowledgment. * * *" 1 Corbin on Contracts 558–559, § 130; *accord*: Restatement of the Law, Contracts § 82. In order to be valid and binding, a release, compromise, or settlement agreement must be based on a sufficient consideration. 66 Am.Jur.2d 683–684, Release § 8; 15A Am.Jur.2d 785, Compromise and Settlement § 13. The plaintiff, having thus demonstrated the existence of a genuine issue of material fact as to the validity of the agreement entered into by Mr. Marks, summary judgment is not appropriate.

▮ The defendants submitted no affidavits in support of their contention that this Court lacks jurisdiction over their person. See local Rule 12(a); see also and *cf. Weller v. Cromwell Oil Company*, C.A. 6th (1974), 504 F.2d 927, 929–930[3]. Rather, they appear to contend merely that the plaintiff failed to state in his complaint any basis for the exercise of jurisdiction over their persons. Of course, it was not necessary for the plaintiff to make any such averments. *Stirling Homex Corp. v. Homasote Co.*, C.A.2d (1971), 437 F.2d 87, 88[1]; 5 Wright & Miller, Federal Practice and Procedure: Civil 81, § 1206. Thus, viewing the materials herein in a light most favorable to the plaintiff, see *Mahlman v. Billings Automotive Training Center, Inc.*, D.C.Or. (1969), 295 F.Supp. 1398, 1399[3], the Court cannot conclude that it lacks jurisdiction over the person of any defendant herein. Acts committed outside the state of Tennessee, but causing a consequence within the state, may be sufficient for the exercise of jurisdiction over a defendant's person. *Southern Machine Company v. Mohasco Industries, Inc.*, C.A. 6th (1968), 401 F.2d 374, 380[4]; *Walker v. Kawasaki Motors Corporation*, D.C.Tenn. (1973), 62 F.R.D. 607, 611[4, 5]; *Jasper Aviation Co., Inc. v. McCollum Aviation, Inc.* (Tenn., 1972), 497

S.W.2d 240, 244[4]. In addition, the ownership or possession of any interest in property located in Tennessee is a sufficient basis under the Tennessee long-arm statute for the exercise of jurisdiction. T.C.A. § 20–235(c).

To the extent that the defendants now appear to be questioning (by objection to the magistrate's aforementioned recommendation and by brief) venue in this district, the Court hereby REJECTS such contentions as not having been properly raised by motion under the provisions of Rule 12(b)(3), Federal Rules of Civil Procedure.

 Although the plaintiff's right to relief herein (particularly his claim for compensatory and punitive damages) does not appear readily on the face of his complaint, this Court cannot say at this stage of the proceedings that Mr. Milwee can prove no set of facts in support of his claim which would entitle him to some relief. Thus, this action cannot be dismissed for the plaintiff's failure to state a claim upon which relief can be granted. *Scheuer v. Rhodes* (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96[3–5]. " * * * [A] case heard in the federal courts should be determined upon the merits and after an adequate development of the facts. * * * " *Oil Chemical & Atom. Wkrs. Union v. Delta Refin. Co.*, C.A. 6th (1960), 277 F.2d 694, 698[4]. Although lawsuits often prove to have been groundless, no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact. *Idem.*

It results that the recommendation of the magistrate hereby is ACCEPTED, and the objections of the defendants thereto hereby are OVERRULED as meritless. The defendants' motion for a summary judgment hereby is DENIED; their motion for a dismissal of this action hereby is DENIED.

It appearing that genuine issues of material fact are extant between the parties herein, the plaintiff's motion for a summary judgment hereby is DENIED. Rule 56(c), Federal Rules of Civil Procedure.

The plaintiff filed also herein a "motion for request for ruling." The purport thereof is that he served on the defendants written requests for the admission of certain facts, Rule 36(a), Federal Rules of Civil Procedure, but that the defendants have failed to serve written answers or objections thereto within the time provided for by such rule. To the extent this is true, which appears from the record, the defendants, as a matter of law, have admitted the truth of the matters therein. Rule 36(a), *supra; Luick v. Graybar Electric Co., Inc.*, C.A. 8th (1973), 473 F.2d 1360, 1362[1]; *Southern Railway Co. v. Templar*, C.A. 10th (1972), 463 F.2d 967, 971–972[3]. This being so, any ruling to such effect is neither necessary nor desirable; and for such reason, such motion hereby is OVERRULED.

The affidavit of Mr. Milwee, Jr. filed herein on October 25, 1977, hereby is STRICKEN for not having been timely presented to and considered by the magistrate in making his recommendation as to the Court's disposition of the defendants' aforementioned motions. An affidavit is not the proper method to respond to an opponent's objections to such a recommendation of a magistrate. See 28 U.S.C. § 636(b)(1).