## BAKERY, CONFECTIONARY AND TOBACCO WORKERS UNION LOCAL NO. 19, Plaintiff,

### v.

### RYAN'S I.G.A., Defendant.

### No. C85–3032–A.

United States District Court,
N.D. Ohio, E.D.

Oct. 9, 1985.

Gerald B. Chattman & Richard G. Ross, Chattman, Garfield, Friedlander & Paul, Cleveland, Ohio, for plaintiff.

John B. Lewis, Arter & Hadden, Cleveland, Ohio, for defendant.

### ORDER

BELL, Judge.

Plaintiff Bakery, Confectionary and Tobacco Workers International Union, Local No. 19 (the Union) filed a verified complaint in this matter seeking a declaratory judgment that a certain collective bargaining agreement is binding upon defendant Ryan's I.G.A. (I.G.A.). Jurisdiction is invoked pursuant to section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185, and 28 U.S.C. §§ 2201, 2202.

Currently pending before the court is I.G.A.'s motion for summary judgment to which the Union has responded in opposition. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that as a matter of law, it is entitled to summary judgment. In reviewing a motion for summary judgment, a court must consider the pleadings, related documents and evidence and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1980); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979); *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Board of Ed. Cincinnati v. Department of H.E.W.*, 532 F.2d 1070 (6th Cir.1976).

The facts are drawn from plaintiff's verified complaint and from the affidavits and documentary evidence submitted by I.G.A. in conjunction with its motion. On December 4, 1984, the Union entered a collective bargaining agreement (the Agreement) with The Kroger Company (Kroger) covering certain of its members employed by Kroger in in-store bakeries, including the store located at 2275 Locust Street, Canal Fulton, Ohio. The Agreement's effective date was July 8, 1983 and it extends until midnight on July 1, 1987. The Agreement contains the following clause:

## ARTICLE XXII—PARTIES

The Agreement shall be binding upon the Employer, its successors and assigns, upon his heirs, executors, administrators, personal representatives and assigns. In the event Employer sells, assigns or otherwise transfers the business of the Company whether by sale of stock or assets or otherwise, during the term of this Agreement, the prospective purchaser shall be informed of this Agreement and the sale made contingent upon his or its agreeing to accept or be bound by its terms in the event such purchaser continues the business.

Verified Complaint, Exhibit A at 5.

On July 23, 1984, Kroger entered an agreement with an Ohio corporation, Cleve/Loraine, Inc., for sale of certain store fixtures and lease of its store located at 2275 Locust Street, Canal Fulton, Ohio. This agreement contained a clause representing that Cleve/Loraine, Inc. would become a party to certain labor agreements to which Kroger had been a party, including the Agreement at issue here. Defendant's Motion for Summary Judgment, Exhibit A, ¶ 10(a) at 4. Although not relevant to the issues in this case, it must be noted that when Kroger entered the purchase agreement with Cleve/Loraine, Inc., it had not yet signed the Agreement with the Union. The agreement was signed in December, 1984 but its effectiveness related back to July 8, 1983. Presumably an earlier agreement between the parties contained a similar successor clause.

Cleve/Loraine, Inc. thereafter operated a store at the Locust Street facility for a period of time not established by the evidence. The store was closed, however, prior to August 2, 1985 when defendant I.G.A. executed a purchase agreement with Kroger for that location. *See* Affidavit of David L. Ryan, Sr. at ¶ 4, 13 and Exhibit C to Defendant's Motion for Summary Judgment. I.G.A. moved into the Locust Street store during August, 1985 and opened for business on September 1, 1985.

Prior to opening the Locust Street store, I.G.A. operated a supermarket for twelve years at 7776 Manchester Road, Canal Fulton, Ohio. Affidavit of David L. Ryan, Sr. at ¶ 2. During that time, I.G.A.'s employees, including its bakery workers, were represented by United Food & Commercial Workers Union, Local 880. *Id.* at ¶ 3. When I.G.A. moved its operation from the Manchester Road store to the Locust Street location in August, 1985, it kept all of its former employees and did not hire any former Kroger employees. *Id.* at ¶ 7, 8, 9. Because the store was closed, there were no former Kroger employees working

there at all at the time the purchase agreement was entered. *Id.* at 13. I.G.A.'s employees have continued to be represented by United Food & Commercial Workers Union, Local 880. *Id.* at ¶ 11. Although it purchased some of the equipment and fixtures left in the Locust Street store, I.G.A. transferred all of the inventory and some of its equipment from the Manchester Road location. *Id.* at 10 and Exhibit C to Defendant's Motion for Summary Judgment. I.G.A. has no affiliation with or ownership in either Kroger or Cleve/Loraine, Inc. Affidavit of David L. Ryan, Sr. at ¶ 12. Conversely, neither Kroger or Cleve/Loraine, Inc. have a monetary interest in I.G.A. *Id.*

When I.G.A. entered the purchase agreement with Kroger, it neither had notice of nor agreed to any terms of the Agreement between Kroger and the Union. *Id.* at ¶ 5, 6. In fact, Kroger warranted in the purchase agreement that the store was not covered by any collective bargaining agreement. Exhibit C, ¶ 7(C) at 3, Defendant's Motion for Summary Judgment.

The Union notified Kroger in August, 1985 that it had information and belief that it was considering sale of the Locust Street store and that the Agreement required any purchase to assume its terms. Verified Complaint at ¶ 9. After learning that I.G.A. was the purchaser, the Union requested a meeting to determine the status of their relationship. I.G.A. advised the Union that it has no intention of recognizing it as bargaining representative of its employees or to hire previous Kroger employees or otherwise abide by the Agreement. *Id.* at ¶ 10, 11.

The Union seeks by this lawsuit a declaration that the Agreement executed between it and Kroger is binding upon I.G.A. by virtue of the successor and assigns clause. Verified Complaint, Exhibit A at 5. I.G.A. contends that based upon the undisputed facts in this case, summary judgment should be entered in its favor finding that it is not bound by the Agreement plaintiff Union seeks to impose upon it. The court finds first, that the material facts are not in dispute in this matter and second, that summary judgment should be granted in I.G.A.'s favor for the following reasons.

The main issue between these parties is whether I.G.A. is a successor employer with concomitant obligations to predecessor employees and their bargaining representative. The issue of successorship in this context has been addressed by the Supreme Court in three major decisions. *Howard Johnson Co., Inc. v. Detroit Local Joint Executive Board,* 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 91974); *NLRB v. Burns International Security Services, Inc.,* 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1971); *John Wiley and Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). The Sixth Circuit Court of Appeals, guided by these decisions, has defined the criteria for determining successorship as follows:

> The central focus in the successorship inquiry is whether there exists a substantial continuity of identity in the business enterprise across the change in ownership. The factors courts consider as indicia of substantial continuity of identity in the business enterprise include: whether there exists a substantial continuity of identity in the work force across the change in ownership; whether the new employer is using the same supervisory personnel, machinery and equipment; whether the new employer is producing the same goods or rendering the same services as the old employer. Though this inquiry is based on a totality of the circumstances, and by its nature highly fact specific, the key factor in determining successorship is whether there exists a substantial continuity of identity in the work force across the change in ownership.

*Service, Hospital, Nursing Home and Public Employees Union Local 47 v. Cleveland Tower Hotel, Inc.,* 606 F.2d 684, 687 (6th Cir.1979) (citation omitted).

Applying these factors to this case leads clearly to the conclusion that I.G.A. is not a successor employer and is thus not bound

by the Agreement entered between Kroger and the Union. I.G.A. moved an existing business to a new location complete with the same personnel, inventory and much of the same equipment. There was no business enterprise operating at the Locust Street address at all when I.G.A. entered the purchase agreement with Kroger and the store was closed. In fact, Kroger had not done business in the store for over one year and another entity, Cleve/Loraine, Inc., had operated a supermarket there prior to I.G.A.'s opening. There is no identity whatsoever between Kroger and I.G.A. as entities and there is no identity in the work force across the change of ownership. In fact, the I.G.A. work force remained the same before and after the move to the Locust Street address and no previous Kroger employees were hired.

Although I.G.A. rendered essentially the same service to the community as did Kroger, these entities were clearly competitors. The purchase agreement provided that I.G.A. would not represent in any way that it was a continuation of or related to Kroger. Exhibit C, ¶ 9(B) at 4, Defendant's Motion for Summary Judgment. Further, Kroger agreed not to compete within a three-mile radias of the Locust Street store for a three-year period. *Id.*, ¶ 13 at 5. The evidence establishes that neither entity has any interest in the other. Affidavit of David L. Ryan, Sr., at ¶ 12.

There is evidence to show that I.G.A. is party to a collective bargaining agreement covering its bakery employees. Defendant's Motion for Summary Judgment, Exhibit B, and no evidence to show any purposeful avoidance of hiring Kroger's former employees because they are represented by another bargaining representative. In this case, a single entity merely transferred its location. To hold that a new employer is bound to a collective bargaining agreement entered by a prior employer in this context would result in the serious inequities the Supreme Court cautioned against in *Burns*, 406 U.S. at 287–88, 92 S.Ct. at 1582, and would not take into consideration the economic realities of the situation. The case-by-case analysis required

by *Howard Johnson*, 417 U.S. at 256, 94 S.Ct. at 2240, leads this court to the conclusion in this case that national labor policy favors greater recognition of I.G.A.'s right to operate its enterprise with its existing labor force than the right, if any, of former Kroger employees to·renewed employment with I.G.A.

Because I.G.A. is not a signatory to the Agreement with the Union and Because it is also not a successor employer, it is not bound by the terms of the Agreement. Accordingly, summary judgment is hereby entered for the defendant. As the Union seeks only declaratory relief of the issue resolved by this order, this cause is hereby dismissed.

IT IS SO ORDERED.