**Richard W. GOFF, Plaintiff,**

v.

**The KROGER COMPANY, Defendant.**

**No. C–1–85–1350.**

United States District Court,
S.D. Ohio, W.D.

May 20, 1988.

See also, 647 F.Supp. 87.

James B. Helmer, Jr., Cincinnati, Ohio, for plaintiff.

Robert G. Stachler, Thomas R. Schuck, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant's Motion for Summary Judgment (doc. no. 89) which includes a motion for award of its expenses and attorney fees

incurred in the defense of this action, and the memoranda relating thereto (doc. nos. 101, 103, 104, 109 and 110). Also filed in connection with the summary judgment motion is defendant's Motion to Strike Portions of Affidavits submitted in opposition to its motion (doc. no. 103) and no less than nine documents filed regarding submission of supplemental authority, including three motions (doc. nos. 111, 113, 114, 115, 116, 117, 118, 119 and 120).

As to the latter, the parties' ineffective attempts to veil their repeated arguments on the merits by submitting "supplemental" authority have not deluded the Court. This Court is acutely aware of its duty to consider and apply the controlling principles of law to every issue presented. More importantly, this Court understands that it is bound by the authority of the United States Supreme Court and United States Court of Appeals for the Sixth Circuit, neither of which is a source of the parties' supplemental "authority." Therefore, to the extent that such material may be considered as persuasive, the Court reluctantly grants their submission.

As to defendant's motion to strike portions of affidavits submitted in opposition to its motion for summary judgment, the Court generally agrees with the position of the defendant. Notwithstanding the striking of those matters from the Court's consideration, the proper focus remains on the relevant facts at the time plaintiff allegedly released his rights under the ADEA. It is uncontroverted that at the time plaintiff executed the documents regarding his release, there was no discussion about age discrimination in general or about the ADEA specifically. Therefore, while defendant's motion to strike is granted, the issue of the validity of the release remains.

As to the summary judgment issue copiously presented and argued, defendant asserts that plaintiff's claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, is barred by a release and covenant not to sue executed by plaintiff and by plaintiff's subsequent ratification of his retirement agreement.

The Court has reviewed the arguments made by the parties and has applied the principles of controlling law to the facts presented on the issue of the validity of the release in this case. The legal standard for consideration and disposition of issues on summary judgment is well settled in this Circuit.

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). The evidence presented on a motion for summary judgment is always construed in favor of the party opposing the motion who is given the benefit of all favorable inferences that can be drawn therefrom. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

The moving party bears the burden of showing the absence of a genuine issue as to any material fact and any doubt shall be resolved against the moving party. *Adickes v. S.C. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Board of Education v. Dept. of H.E.W., Region 5*, 532 F.2d 1070 (6th Cir. 1976). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 250, 91 L.Ed.2d 202 (1986) (original emphasis). This Court is mindful that summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Significantly, cases involving motive or intent are ordinarily not susceptible of summary adjudication. *Id.*

Summary judgment should not be granted unless it is clear that a trial is unnecessary. The threshhold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.*

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 472, 82 S.Ct. 486, 490, 7 L.Ed.2d 458 (1962). "[T]he issue of material fact required by Rule 56(c) ... to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

A review of the material facts indicates the following:

Plaintiff Richard Goff ("Goff") was employed by defendant The Kroger Company ("Kroger") from July 3, 1967 until his termination effective December 31, 1985; plaintiff worked in the company's meat plant operations in various positions during this time and was a vice president in the Company for the seven years prior to his termination. Plaintiff received a bachelor of science degree from Indiana University in 1952, studied towards but did not receive a masters degree, and has had no specific legal training.

Plaintiff was 54 years of age when this employment relationship was terminated; whether plaintiff resigned, retired or was fired because of his age is an issue before the Court.

In the Fall of 1984, Kroger was operating approximately half of the meat plants which plaintiff had formerly supervised, and Kroger decided to consolidate the management functions with respect to the remaining meat plants. This reorganization led to the elimination of the vice-presidential position occupied by plaintiff.

The executive responsibility formerly performed by plaintiff was consolidated with the procurement functions then performed by Thomas M. Vaughn who was 48 years old at that time. The reason given by Kroger is that plaintiff was not qualified to assume the consolidated position because of his lack of experience and training in procurement and merchandising, whereas, Vaughn had experience in each of those areas with additional training in plant management.

Kroger determined that there were no other executive positions available within the company for plaintiff, and that the only position available for which he was qualified in the meat department was the new position of Manager of Meat Plant Operations, a non-executive position at a lower salary and with less benefits. Whether plaintiff was actually promised or offered another job with Kroger is an issue in this case.

On November 27, 1984, plaintiff met with Paul Gibson, Kroger's Chief Personnel Officer and William Park, Kroger's Vice President of Meat Merchandising. They informed plaintiff of the reorganization and the elimination of his position as vice president. At the same time, plaintiff was given a copy of the "retirement offer" which included 1) a letter of agreement dated November 27, 1984 summarizing the terms and benefits, 2) an accompanying Resignation and Retirement form, and 3) a Release form containing a covenant not to sue. Each party has a different understanding and rendition of the events of this meeting, however, it is undisputed that the subject of age discrimination or the ADEA was not specifically mentioned or discussed.

Plaintiff executed the agreement, the Resignation and Retirement form, and the Release form at this November 24 meeting. Plaintiff also subsequently received and accepted all of the benefits under the agreement including:

1. Plaintiff ceased working in November, 1984 but continued active service with Kroger until the end of 1985, thereby enhancing his pension by retiring at the age of 55 rather than 54;

2. Plaintiff was able to retire from Kroger as an executive, thereby enabling him to participate in Kroger's executive insurance program and to retain other executive benefits;

3. Plaintiff was paid his full salary of $74,200 through December, 1985;

4. Plaintiff's retirement benefits were to be supplemented through the age of 61 by approximately $4,000 per year; to date, those benefits have been supplemented by an amount of $3,953.40 per year;

5. Plaintiff was given the opportunity to purchase his company car, a 1983 Cadillac, for $1.00, which he did on December 29, 1984.

6. Kroger paid plaintiff's dues at the Kenwood Country Club and his executive memberships through April, 1985;

7. Plaintiff was given the opportunity to exercise his stock options according to their terms;

8. Plaintiff was provided personalized out-placement services at Kroger's cost.

The economic benefits which were sacrificed as as result of this agreement and plaintiff's understanding of the benefits both conferred and lost are issues in this case.

On December 20, 1984, plaintiff went to Robert A. Pitcairn, an attorney in the law firm of Katz, Teller, Brant and Hild, to review the agreement and release; Mr. Pitcairn was not retained as counsel. Later in March or April of 1985, plaintiff retained his present counsel and filed a charge with the Equal Employment Opportunity Commission in May, 1985.

On August 6, 1985, plaintiff filed his Complaint in this Court based on the premise that he was fired because of his age; among other claims, plaintiff maintains that William Kagler, Kroger's President, told him that no other jobs were available for him at Kroger because plaintiff did not fit into Kroger's "successor planning program."

Three months later, in November, 1985, plaintiff worked with his lawyers, Joseph A. Brant, a tax and estate planning attorney of the Katz firm and James B. Helmer, Jr., a litigation attorney with experience in age discrimination cases, and with Kroger's manager of deferred compensation; plaintiff then executed a series of documents confirming his retirement arrangements in accordance with the agreement. Specifically, in a document entitled Kroger Retirement Benefit Plan Waiver of Full Benefit dated November 19, 1985, plaintiff stated under oath that "I now elect to take early retirement."

As to the issue of whether a settlement and release are valid in an ADEA case, the United States Court of Appeals for the Sixth Circuit instructs that the Court "should apply the principles expressed by Justice Frankfurter that encourage 'amicable settlement of honest differences ... where overreaching or exploitation is not inherent in the situation.'" *Runyan v. National Cash Register Corp.*, 787 F.2d 1039, 1045 (6th Cir. *en banc* 1986).

Under the facts presented in *Runyan*, the Sixth Circuit held that such a release was valid. Significantly, the Court of Appeals specifically relied upon and cited the fact that plaintiff in *Runyan* was a well-paid, well-educated labor lawyer with many years of experience in the area, and that plaintiff tried to take advantage of defendant by taking the full benefit of a reasonable and understood bargain while attempting to part with what he considered only illusory consideration in return. Further, the subject of age discrimination was discussed by the parties in *Runyan*. *Id.* at 1040. The Court of Appeals held that the release was a complete bar to plaintiff's ADEA claim on the basis that "[t]he release in this case was knowingly and deliberately executed by an attorney knowledgeable in labor law and employment discrimination matters." *Id.* at 1044. The Court also cautioned that "a private unsupervised release *under the circumstances*

*of this case may* waive ADEA rights....”
*Id.* at 1040 (emphasis added).

The facts and circumstances in the case at bar are significantly distinguishable from those in *Runyan,* as has been illustrated above. Since the release signed by plaintiff in this case was unsupervised by the EEOC or by a Court, we must consider the particular circumstances carefully and determine whether the release of plaintiff's rights under the ADEA were knowingly and deliberately waived. This analysis necessarily includes an examination of whether there was an overreaching or exploitation inherent in the situation and manner of presentation of the release.

Upon consideration, the Court finds that the facts and circumstances of this particular case are insufficient on this record to justify holding that plaintiff, as a matter of law, knowingly and deliberately waived his rights under the ADEA. The manner of presentation of the release and circumstances under which it was made and executed indicate a danger of the overreaching and exploitation against which the Sixth Circuit has cautioned courts to protect.

This decision on the summary judgment issue shall not affect any arguments on the remaining issues in this case; on a full record, defendant may ultimately prevail on the validity of the release, however, that must be decided at trial when the trier of fact can make credibility determinations, determinations which are not appropriate here on a Motion for Summary Judgment.

Accordingly, the parties' Motions to Submit Supplemental Authority (doc. nos. 111, 114, and 116) are GRANTED; defendant's Motion for Summary Judgment (doc. no. 89) is hereby DENIED; and defendant's Motion to Strike Portions of Affidavits (doc. no. 103) is hereby GRANTED. The parties are DIRECTED to proceed with discovery on the remaining issues with all deliberate speed to prepare this matter for trial.

IT IS SO ORDERED.