I respectfully disagree with the majority and would affirm the trial court. I believe the record supports the fact that Spiniello is a successor corporation, that the city abused its discretion in rejecting its bid, and that the contract should be awarded to Spiniello.
Without question, city authorities have wide discretion in determining who under all circumstances is the lowest and best bidder for a proposed project. Cedar Bay Const., Inc. v. Fremont (1990), 50 Ohio St.3d 19. Courts cannot interfere with this discretion or substitute their judgment for that of city officials unless it clearly appears that the city has abused its discretion. Id.at 21. See, also, State ex rel. Cleveland Trinidad Paving Co. v. Bd. of Public Service of Columbus (1909),81 Ohio St. 218; State ex rel. Polaroid Corp. v. Denihan (1986),34 Ohio App.3d 204.
The term abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude. Cedar Bay at 22.
Under Ohio's competitive bidding statute, the state is required to make a contract with the lowest and best bidder to provide for open and honest competition, to save the public harmless, and to avoid any kind of fraud or favoritism. R.C. 735.05. Although Cleveland, as a home rule municipality, is not governed by the dictates of R.C. 735.05, the case law interpreting the statute is useful in guiding the municipality to determine the lowest responsible bidder. Accordingly, a municipality's decision does not rest in the exercise of arbitrary unlimited discretion, but upon the exercise of a bona fide judgment, based upon facts tending to reasonably support such determination. Hudson v. Board of Education (1931), 41 Ohio App. 402.
To properly address Cleveland's first assignment of error, this court will first analyze the issues raised in the city's second assignment of error, since our decision here will determine whether the first assignment of error becomes moot. Cleveland's second assignment of error states:
 II. THE TRIAL COURT ERRED IN DETERMINING THAT THE APPLICATION OF THE CITY OF CLEVELAND'S EXPERIENCE CLAUSE TO SPINIELLO COMPANIES IS UNREASONABLE, INVALID AND PLACES AN UNDUE RESTRICTION ON COMPETITION.
The determining issue for both assignments of error is whether or not Spiniello Companies is a successor corporation to Spiniello Construction Company. The latter company has vast experience lining and cleaning water mains which clearly meets the requisite bid requirements.
Since Spiniello Companies legally purchased almost all of Spiniello Construction Company's assets, employees, equipment, and experience, it was entitled to utilize the experience and personnel of that company to satisfy the city's experience requirements. The trial court's finding that the city of Cleveland abused its discretion in rejecting Spiniello Companies' bid, and later all bids, is well founded.
The parties to this action go to great lengths to distinguish the various cases on successor corporation liability/non-liability in tort, breach of contract, and various other causes of action. Whether a purchasing company is a successor-in-interest for liability reasons is irrelevant as it applies to bidding on municipal contracts under R.C.735.05. The only issue is whether Spiniello Companies is truly a successor corporation. Liability for the acts or omissions of a predecessor company is not at issue in this case.
Therefore, Cleveland's reliance on Welco Industries, Inc. v. Applied Companies (1993), 67 Ohio St.3d 344 and Flaughter v. Cone Automative Machine Co. (1987), 30 Ohio St.3d 60 is misplaced. Although factually irrelevant, the standard for determining successorship has been well defined by the Sixth Circuit Court of Appeals in Bakery, etc. Union Local No. 19 v. Ryan's IGA (N.D.Ohio. 1986), 642 F. Supp. 1131 citing to Service, Hospital, Nursing Home, etc. Union Local 47 v. Cleveland Tower Hotel, Inc. (C.A. 6, 1979), 606 F.2d 684. The criteria has been established as follows:
 The central focus in the successorship inquiry is whether there exist a substantial continuity of identity in the business enterprise across the change in ownership. The factors courts consider as indicia of substantial continuity of identity in the business enterprise include: whether there exists a substantial continuity of identity in the work force across the change in ownership; whether the new employer is using the same supervisory personnel, machinery, and equipment; whether the new employer is producing the same goods or rendering the same service as the old employer. Though this inquiry is based on a totality of the circumstances, and by its nature highly fact specific, the key factor in determining successorship is whether there exists a substantial continuity of identity in the work force across the change in ownership.
 642 F. Supp. at 1133.
The trial court held an evidentiary hearing where the above factors were explored in great detail. The uncontroverted facts are that Spiniello Companies continues the same operations in the same offices with the same work force of its predecessor company, Spiniello Construction Company. Spiniello Companies was formed with the express purpose of continuing the business of its predecessor. The purchase was approved in an order of the bankruptcy court which stated: * * * the Trustee is authorized to transfer to Spiniello Companies, L.L.C. the whole of debtor's and Spiniello Ltd's machinery, equipment, vehicles, inventory, supplies, materials and fixtures, * * * together with the debtor's trade name and all licenses, franchises, permits, qualifications, and pre-qualifications, experience, variances, certificates, and all other general intangibles and approvals * * *. Further, the company's majority owner testified that he retained nearly all field management and key employees including supervisors, field superintendents, and foremen. Two corporate officers of the predecessor company remained officers of Spiniello Companies. Spiniello Companies also took over debt and continued work on all of the open projects of the predecessor construction company. They retained the same corporate and regional offices and continue to do the exact same business with the same cleaning and lining equipment.
Since Spiniello Companies is a successor company of an eminently qualified predecessor company and entitled to utilize its experience and personnel, Cleveland could not arbitrarily refuse to award the contract to Spiniello Companies the lowest and best bidder. Hudson at 406.
This brings us to Cleveland's first assignment of error. This court must determine if the city's subsequent rejection of all bids was proper assuming Spiniello Companies was the lowest and best bidder. Once again, municipalities are given a wide range of discretion to reject all bids and its decision should not be disturbed unless there is a finding of abuse. Polaroid Corp. at 207. The appellate court ruled that, * * * a determination to reject all bids rather than to award a contract to the lowest bidder does not per se constitute an abuse of discretion even though the bid of such lowest bidder meets the specifications. Id. While the court's holding recognizes the city's authority to reject all bids, it does not grant arbitrary unlimited discretion. There must be some basis to reasonably support a determination to reject all bids. Hudson at 406.
In Polaroid, the court determined that the administrator of State Purchasing did not abuse its discretion in rejecting all bids because it had well founded reasons to do so. Polaroid at 209-210. The state rejected the only two bidders to its contract for very specific reasons. The low bidder (Polaroid Corp.) failed to meet material composition and bid specifications. The only remaining bidder (NBS Imaging Systems, Inc.) was rejected due to lack of competitive pricing. Id. at 205.
In the instant case, Spiniello Companies, as a successor corporation, met all bid requirements and was the lowest bidder. In fact, Spiniello Companies was the only bidder below the city's estimate for the contract. Cleveland offered no reasons to support its decision to reject Spiniello Companies' bid and, subsequently, to reject all bids, other than its misplaced finding that Spiniello Companies could not utilize the experience of the predecessor company it purchased to meet bid specifications.
Further, to allow municipalities unbridled discretion to reject bids arbitrarily would thwart the public benefit afforded by the competitive bidding process. Such invaluable benefits include protecting the taxpayers from excessive spending, fraud, or favoritism. Chillicothe Bd. of Ed. v. Sever-Williams (1970), 22 Ohio St.2d 107.
Lastly, Cleveland's argument that it was not required to consider the experience of Spiniello Companies' predecessor company because it was submitted after the bid opening is without merit. The record is clear that after Cleveland received the letters from the higher bidders claiming that Spiniello lacked the requisite experience, it held a meeting at the board of control to address these issues. The board requested that Spiniello provide documentation on its predecessor corporation which it did in a timely fashion.
In requesting such additional information after the opening of the bids, Cleveland was acting well within its authority to confirm that the lowest bid met with contract requirements. Cedar Bay at 23. Since the requested information did not involve price or modification to the terms of the bid, the city was clearly within its right to request and review such documentation before awarding the contract. To now argue that it is not required to consider this information is disingenuous at best.
The decision of the trial court holding that the city of Cleveland's rejection of Spiniello Companies' bid is unreasonable, invalid, and places an undue restriction on competition should be upheld. The contract should be awarded to Spiniello Companies. I would, therefore, affirm the trial court.