310

BRONCO'S ENTERTAINMENT, LTD., a Michigan Corporation, and Rawsonville Land Co., Inc., a Michigan Corporation, Plaintiffs–Appellants,

v.

CHARTER TOWNSHIP OF VAN BUREN, a Michigan Local Unit of Government, the Michigan Liquor Control Commission, a State Agency, and the Commission's Chairwoman, Jacquelyn Stewart, Defendants–Appellees.

No. 00–2181.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2002.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

NELSON, Circuit Judge.

The plaintiffs, who plan to open a topless bar in the Charter Township of Van Buren, Michigan, brought the instant civil rights action against the township and the Michigan Liquor Control Commission for blocking the project in alleged violation of the First and Fourteenth Amendments. Concluding that the plaintiffs lacked standing to sue, the district court dismissed the case for "lack of justiciability and want of a legally cognizable case or controversy." This was error, in our view. The dismissal will be reversed, and the case will be remanded for further proceedings.

## I

In August of 1998 the sole shareholder of the plaintiff corporations, Richard Skinner, obtained an option to purchase a parcel of land that fronts on a service road for Interstate 94 in Van Buren Township, Michigan. The land was zoned for commercial use. Mr. Skinner's purpose in taking the option was to obtain a site for the operation of a bar staffed by partially nude females—a type of business in which Skinner was already engaged at several other locations in the Detroit area. Mr. Skinner also entered into a contract to acquire a liquor license, subject to regulatory approval, with a view to selling alcoholic beverages in the new establishment.

By letter dated October 23, 1998, an attorney for the plaintiffs informed the Van Buren Township Supervisor of Mr. Skinner's plans. The letter also noted the plaintiffs' belief that the township's approval procedures for "adult" businesses violated the First Amendment.[1]

The township replied that on September 1, 1998, it had instituted a 182–day ban on the acceptance of new site plans. The stated purpose of the moratorium was to provide time for revising the township's licensing and zoning ordinances. The plaintiffs were told that the township would not review any site plan for the proposed topless bar until the moratorium had expired. The township further advised that it intended to review all future submissions under whatever revised ordinances were in place at the end of the 182–day period.

1. An unpublished 1996 Michigan Court of Appeals decision, *BRK, Inc. v. Charter Township of Van Buren*, Nos. 163835, 170704, declared that Van Buren's special use approval procedure for adult entertainment establishments was unconstitutional.

The plaintiffs insisted on immediate consideration of their plan. An exchange of letters failed to resolve the parties' differences, and in January of 1999 the plaintiffs brought the present lawsuit against the township and the Michigan Liquor Control Commission. (The Commission was joined as a defendant for the reason that its rules precluded transfer of a liquor license until the transferee obtained a green light from the local authorities.)

The township's revised ordinances went into effect on March 11, 1999. The new zoning ordinance, unlike the old one, restricted the operation of sexually oriented businesses to land zoned for industrial use and did not allow such businesses to be operated in areas zoned for commercial use.

The district court allowed the plaintiffs to file an amended complaint reflecting this and other changes. The redrafted complaint alleged that the township's new licensing ordinance violated the First Amendment by granting too much discretion to local officials. The new zoning ordinance was alleged to be constitutionally defective because it unduly restricted the potential venues in which the plaintiffs could exercise their protected rights of "speech."

After extensive discovery, and following some minor changes in the township's new ordinances, the district court began conducting an evidentiary hearing on August 8, 2000. The next day, in the midst of the hearing, the court decided to grant a summary judgment motion previously filed by the township. The court made it clear that the lawsuit was being dismissed solely for want of standing on the plaintiffs' part; there was no adjudication of the merits of the dispute. The order of dismissal was entered on September 1, 2000, and a timely appeal followed. Although the parties have addressed the underlying merits in their briefs on appeal, we see no need to opine on issues that have not yet been decided by the district court.

## II

To demonstrate standing to sue in federal court, under Article III of the Constitution, a plaintiff must demonstrate that

"(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

If the plaintiff does not have standing to sue, a federal court has no jurisdiction to hear the plaintiff's case. *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 56 F.3d 710, 715 (6th Cir. 1995).

The question of the plaintiffs' standing in the case at bar has three aspects: standing to challenge the township's licensing ordinance, standing to challenge the township's zoning ordinance, and standing to challenge the Michigan Liquor Control Commission's refusal to transfer the liquor license. *Cf. Lewis v. Casey*, 518 U.S. 343, 358 n. 6, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)("[S]tanding is not dispensed in gross").

Although a number of Sixth Circuit decisions have recognized standing to challenge the constitutionality of sexually oriented business licensing ordinances on their face—see, *e.g., Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888–89 (6th Cir.2000); *East Brooks Books, Inc. v. City*

*of Memphis,* 48 F.3d 220, 224 (6th Cir. 1995)—the plaintiffs in those cases already owned or operated such a business. Still, "when a licensing statute allegedly vests unbridled discretion in a government official ... one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license." *City of Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 755–56, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988).

The ordinance at issue in *City of Lakewood* prohibited the plaintiff, a newspaper publishing company, from erecting newsracks along the city's streets without first obtaining a permit. *Id.* at 753–54, 108 S.Ct. 2138. The publisher was held to have standing to challenge the ordinance in federal court without first seeking such a permit and without owning any newsracks in Lakewood. *Id.* at 754–55, 108 S.Ct. 2138.

■ The Lakewood ordinance was alleged to "vest[ ] unbridled discretion in a government official." *Id.* at 755, 108 S.Ct. 2138. The plaintiffs in the case at bar claim to be faced with an ordinance that suffers from a similar defect. And although the plaintiffs do not presently own a topless bar within Van Buren Township, no one disputes their intention to open one; indeed, they have expended considerable sums to retain the option to purchase land in the township for that purpose. (The township conceded at oral argument that the plaintiffs' option to purchase the I–94 service road property is equivalent, for standing purposes, to an absolute ownership interest in the property.) These plaintiffs are no less "subject to" Van Buren's licensing requirements, in our view, than the publisher in *City of Lakewood* was subject to the Lakewood ordinance. Accordingly, we conclude that the plaintiffs have standing to challenge Van Buren's licensing requirements for sexually oriented businesses.

■ By the same token, we conclude that the plaintiffs have standing to challenge Van Buren's zoning requirements. The Sixth Circuit has permitted similar suits to go forward without questioning the plaintiffs' standing to sue. See *e.g., Christy v. City of Ann Arbor,* 824 F.2d 489, 490 (6th Cir.1987)(standing apparently unchallenged when plaintiff leased property where she intended to open an adult bookstore); *CLR Corp. v. Henline,* 702 F.2d 637, 638 (6th Cir.1983)(no discussion of standing where plaintiff "purchased and remodeled" building with intent to open adult business); *Keego Harbor Co. v. City of Keego Harbor,* 657 F.2d 94, 96 (6th Cir.1981)(standing unmentioned where owner of movie theater announced intention to show adult films). The present plaintiffs, as owners of an interest in property on which they intend to open a topless bar, have standing to challenge the zoning restrictions to which the property is subject.

■ Finally, the plaintiffs argue that our decision in *G & V Lounge v. Michigan Liquor Control Commission,* 23 F.3d 1071 (6th Cir.1994), invalidates the Commission's policy of deference to local governments in the issuance of liquor licenses. Although we disagree with that reading of *G & v. Lounge,* we conclude that the plaintiffs have standing to sue the Commission. The agency has admittedly postponed its approval of the liquor license transfer, and this postponement constitutes an "injury in fact."

The order of dismissal is REVERSED, and the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.