KAL KAN FOODS, INC., Plaintiff,

v.

The IAMS COMPANY,
et al., Defendants.

No. C–3–01–83.

United States District Court,
S.D. Ohio,
Western Division.

March 25, 2002.

Roger Makley, Dayton, OH, Richard Leighton, Frank Vitolo, Washington, DC, for plaintiff.

Paul G. Hallinan, Jeff Ireland, Diane Goderre, Dayton, OH, for defendants.

DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(1) (DOC. # 16–1) AND THEIR MOTION, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (DOC. # 16–2); PLAINTIFF'S MOTION TO COMPEL (DOC. # 33) SUSTAINED; PLAINTIFF'S MOTION FOR SANCTIONS (DOC. # 33) OVERRULED, WITHOUT PREJUDICE TO RENEWAL AT THE COMPLETION OF THIS LITIGATION; DEFENDANTS' MOTIONS TO STRIKE (DOC. # 40, DOC. # 53, DOC. # 60) OVERRULED AS MOOT; CONFERENCE CALL SET

RICE, Chief Judge.

The instant litigation arises out of alleged false advertising by the Iams Company ("Iams") for its dog food products.

According to the Amended Complaint (Doc. # 10),[1] Plaintiff Kal Kan Foods, Inc. ("Kal Kan"), is a manufacturer and marketer of high quality dog food products, which are advertised and sold both domestically and abroad. Kal Kan's dog food products are marketed under a variety of brand names, including PEDIGREE® and WALTHAM®. Pedigree is the leading brand of dog food in terms of sales in the United States and the world. Pedigree is considered by Iams and by purchasers to be a "grocery brand."

Iams is also a manufacturer and marketer of dog food products, which are sold in the United States and internationally. Iams' products are sold under the brand names IAMS ® and EUKANUBA®. In 1999, Iams became a wholly-owned subsidiary of Defendant Proctor & Gamble Company ("P & G"), which participates in the advertising and marketing of Iams' products.

Kal Kan and Iams compete directly for the business of retail establishments, individual pet owners, breeders, veterinarians, and entities that maintain dogs for competition. Iams views the markets for dog food to be fiercely competitive. In retail establishments, Kal Kan and Iams products compete for shelf and display space, as well as for customer purchases. Retail sales occur in grocery/food stores, supermarkets and large merchandising outlets, as well as specialty pet stores. Kal Kan products are usually less expensive than comparable Iams brands.

In its advertising, Iams promotes its products as "premium" dog food (*i.e.*, products that are a better value, based on quality, the quantity to be fed daily, and the price of the food), compared to competitive "grocery brands" or "basic brands."

---

**1.** The following facts are taken from Plaintiff's Amended Complaint (Doc. # 10). In order to set forth the factual background of this litiga-

tion, the Court has accepted Plaintiff's allegations as true, and has construed them in the light most favorable to it.

The labels on Iams' products contain feeding directives to help influence purchasers to choose them, as well as to comply with State laws which require "feeding directions" to be listed on labels. The amount of food that purchasers are instructed to feed their dogs varies according to the weight of the dog. Kal Kan specifically alleges that the feeding directions on Iams products are literally false, deceptive, misleading, and potentially harmful to dogs if they were to be rigorously followed, and that Iams is aware of this. According to Plaintiff, the effect of Iams' feeding instructions is to make it appear that Iams' products provide a greater value than they actually do, in that the labels suggest that Iams' products contain more servings than a comparably sized "grocery" or "basic" brand, such as Kal Kan's products, due to smaller Iams' feeding amounts for comparably sized dogs. Kal Kan further alleges that Iams has promoted its deceptive feeding directions through the use of a "food calculator" on its web site. Iams has urged consumers to compare daily feeding levels of "grocery brands" to Iams products, and has claimed that such a comparison will show potential purchasers that any such Iams' product "gives you and your dog the best value."

Iams has made additional promotional statements which Kal Kan asserts are misleading. For example, Iams has stated that "Animal feeding tests using Association of American Feed Control Officials' procedures substantiate that [the specific Iams' product] provides complete and balanced nutrition for All Life Stages." These tests allegedly were performed without limiting the dogs' food portions or by providing the dogs with substantially more food than indicated by the feeding directions. Kal Kan has also alleged that Iams has compared its products with Kal Kan's in representations to retail establishments, using the deceptive daily feeding representations.

On February 23, 2001, in response to Iams' advertising campaign, Kal Kan brought suit in this Court against Iams and P & G, setting forth five claims for relief, to wit: (1) a claim for false advertising, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) a state law claim for deceptive trade practices, in violation of Ohio Rev.Code § 4165.01 et seq.; (3) an Ohio common law claim for unfair competition; (4) an Ohio common law claim for unjust enrichment; and (5) an Ohio common law claim for commercial disparagement (Doc. # 1). On March 15, 2001, Defendants filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) or, in the alternative, for Summary Judgment, asserting that Plaintiff lacks standing to assert its Lanham Act claim (Doc. # 6). On April 4, 2001, Plaintiff filed an Amended Complaint (Doc. # 10), adding additional factual allegations to address Defendants' concerns. That Motion has been overruled as moot, in light of the filing of a Motion to Dismiss directed to the Amended Complaint (Doc. # 16).

Pending before the Court are (1) Defendants' Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(1) (Doc. # 16–1) or, in the alternative, for Summary Judgment (Doc. # 16–2), again asserting that Plaintiff lacks Article III standing; (2) Plaintiff's Motion to Compel Defendants' Rule 26(a)(1) Initial Disclosures and for Sanctions (Doc. # 33); (3) Defendants' Motion to Strike Kal Kan's Supplement to Kal Kan's Opposition to Defendant's Notice of Filing Recent Case Applicable to their Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. # 40); (4) Defendants' Motion to Strike Kal Kan's Supplement to Kal Kan's Opposition to Defendants' Motion to Dis-

miss or, in the alternative, for Summary Judgment (Doc. # 53); and (5) Defendants' Motion to Strike the Second Supplement/Declaration of Dr. J. Stephen Stockum (Doc. # 60). For the reasons assigned, Defendants' Motion to Dismiss (Doc. # 16–1) and its Motion, in the alternative, for Summary Judgment (Doc. # 16–2) are OVERRULED. Defendants' Motions to Strike (Doc. # 40, Doc. # 53, Doc. # 60) are OVERRULED as MOOT. Plaintiff's Motion to Compel (Doc. # 33) is SUSTAINED. Plaintiff's Motion for Sanctions (Doc. # 33) is OVERRULED, without prejudice to renewal at the completion of this litigation.

I. *Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. # 16)*

A. *Standard Governing Defendants' Motion*

■ To demonstrate standing to sue in federal court, under Article III of the Constitution, a plaintiff must demonstrate that: (1) it has suffered an "injury in fact"; (2) the injury is fairly traceable to the challenged action of the defendant, *i.e.,* a causal connection; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Bronco's Entertainment, Ltd. v. Charter Twsp. of Van Buren,* 29 Fed. Appx. 310, 312–13 (6th Cir.2002); *Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Currence v. City of Cincinnati,* 28 Fed. Appx. 438 (6th Cir.2002); *see Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The Supreme Court has imposed a prudential standing requirement, in addition to the requirements imposed by Article III of the Constitution. In order to satisfy this judicially-imposed prudential requirement, the "plaintiff's grievance must

arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Bennett v. Spear,* 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).

The parties have devoted a great deal of energy and paper to the question of whether the Court should apply Fed. R.Civ.P. 12(b)(1) or Fed.R.Civ.P. 56 in resolving Defendants' Motion. With regard to Rule 12(b)(1), the parties have also contested whether the Court should look to evidence or merely the allegations in Plaintiff's Amended Complaint. Defendants' initial brief (Doc. # 16) begins with a discussion of whether the Court should employ a Rule 12(b)(1) standard or a summary judgment standard. Stating that the issue of Plaintiff's standing is not "inextricably bound" to the merits of its Lanham Act claim, Defendants assert that a Rule 12(b)(1) standard is appropriate. They have argued that they have made a factual (as opposed to facial) challenge to Plaintiff's Amended Complaint and that, with such a challenge, the plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of jurisdiction. Defendants state that, to survive such a Rule 12(b)(1) motion, the party asserting federal jurisdiction (*i.e.,* Kal Kan) must submit evidence substantiating its claims. As an alternative argument, Defendants assert that, should the Court determine that the issue of standing is inextricably intertwined with the merits of Plaintiff's false advertising claim, the Court should grant summary judgment to them on both the issue of lack of injury and standing.

Plaintiff has responded that Rule 12(b)(1) is the proper avenue to resolve Defendants' Motion. However, they assert that the Court should not consider evidence at this time, and that the Court

should only refer to its Amended Complaint in evaluating the merits of Defendants' Motion. Plaintiff argues that discovery has not been had, and that the Rule 12(b)(1) Motion should be treated as though it had been brought under Rule 12(b)(6).

█ The Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) discussed the burden on a plaintiff to establish standing, based on the stage of the litigation at the time the standing issue is raised:

> The party invoking federal jurisdiction bears the burden of establishing the[ ] elements [of standing]. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," Fed. Rule Civ.Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be "supported adequately by the evidence adduced at trial."

*Id.* at 561, 112 S.Ct. 2130 (citations omitted); *see Dept. of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 329, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999) ("We have repeatedly noted that in order to establish Article III standing, '[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.' To prevail on a Federal Rule of Civil Procedure 56 motion for summary judgment—as opposed to a motion to dismiss—however, mere allegations of injury are insufficient. Rather, a plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits."). Thus, when standing is challenged at the pleading stage of the litigation, the Court need not consider evidence but, rather, may evaluate only the allegations in the Plaintiff's Amended Complaint to determine whether Plaintiff has standing to assert its Lanham Act claim. *Id.; Huish Detergents, Inc. v. Warren County, Ky.*, 214 F.3d 707, 710 (6th Cir.2000).

█ Notwithstanding the volumes of briefs submitted by the parties, this litigation remains at the pleading stage. At the present time, there is no indication that the parties have begun discovery in this matter. In fact, there is no indication that Defendants have made their initial disclosures, pursuant to Fed.R.Civ.P. 26(a)(1), in light of the fact that Plaintiff's Motion to Compel those disclosures (Doc. # 33) has not been withdrawn. Furthermore, the discovery deadline in this litigation is set for October 11, 2002 (Doc. # 32), more than one and one half years from the filing of Defendants' Motion and more than six months from this date. Accordingly, the Supreme Court's decision in *Lujan* would favor the use of a Rule 12(b)(1) Motion to Dismiss, in which the Court would evaluate the allegations in Plaintiff's pleading, rather than a summary judgment motion, on the issue of standing.

█ In addition, the Court notes that that Defendants' mere assertion that they are making a factual challenge to Plain-

tiff's Amended Complaint, without the submission of any evidence to support its arguments, is not sufficient to create a burden on Plaintiff to support its factual allegations with evidence. In resolving a factual jurisdictional issue under Rule 12(b)(1) motion, the Court addresses the jurisdictional issue in the same manner as summary judgment issues, in that the moving party must demonstrate the absence of a genuine issue of jurisdictional fact. *Armbruster v. Quinn,* 711 F.2d 1332, 1335 (6th Cir.1983); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, as with summary judgment motions, the moving party in a factual challenge to jurisdiction is required to demonstrate a lack of genuine issue of material fact as to the jurisdictional question, either through the submission of evidence or by making a "showing" that Plaintiff cannot establish the necessary facts. *Id.; see Milwee v. The Peachtree Cypress Investment Co.,* 510 F.Supp. 279, 283 (E.D.Tenn.1977) (stating that the court could not conclude that it lacked personal jurisdiction over defendant when defendant failed to support motion to dismiss with evidence); *United States v. Operation Rescue,* 112 F.Supp.2d 696, 700 (S.D.Ohio 1999) (same). It is not sufficient that Defendants merely proffer that Plaintiff cannot support its allegations regarding jurisdiction with evidence.

In the present case, Defendants supported their Motion to Dismiss or, in the alternative, for Summary Judgment with the Declaration of Martin E. Walker, the Senior Vice President of Sales and Marketing for Iams. In his Declaration, Mr. Walker states, in pertinent part:

Since October 1997, with the exception of any corrective advertising that responds to the Kal Kan advertising at issue in Case No. C–3–97–449, it has been my policy and practice not to make any comparative advertising claims involving Kal Kan, and I have encouraged the people in my organization to adhere to this policy ... I have no knowledge that any such comparative statements based on any "daily feeding representations" were, in fact, ever made.

(Walker Decl. ¶ 4). This statement refutes only paragraph 19(b) of Plaintiff's Amended Complaint, which alleges that "[o]n information and belief, Iams has expressly compared Iams brand products to Pedigree brand products in representations to retail establishments, using literally false, deceptive, and misleading daily feeding representations. In doing so, on information and belief, Iams has sought that such improper representations be communicated by the retailers to ultimate purchasers." (A.Comp.¶ 19(b)). Mr. Walker's Declaration alone does not support Defendants' assertion that Kal Kan has not suffered an injury, that the alleged injury is too attenuated to be traceable to the alleged false advertising, or that the alleged injury cannot be redressed by this Court.[2] Accordingly, Defendants have failed to provide any evidence sufficient to raise a factual challenge to the allegations in Plaintiff's Amended Complaint. Plaintiff has no "evidence" to counter. Accordingly, the Court concludes that Defendants' challenge to jurisdiction is facial only, and that it need only consider the allegations in Plaintiff's pleading in ruling upon Defendants' Motion.

---

2. Plaintiff argues in its Sur-reply (Doc. # 27) that Mr. Walker's Declaration relies on hearsay statements from unidentified participants in an alleged investigation (Doc. # 27 at 6). Because the Court does not consider Mr.

Walker's Declaration to be sufficient to state a factual challenge to Plaintiff's standing, the Court need not address whether all or part of Mr. Walker's Declaration is admissible evidence.

■ Moreover, Defendants' arguments and the affidavit in question, as articulated, go to the merits of Plaintiff's Lanham claim. In order to state a claim for false advertising under that statute, 15 U.S.C. § 1125(a),[3] a plaintiff must demonstrate: (1) the defendant has made false or misleading statements of fact concerning his product or another's; (2) the statement actually or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff. *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 323 (6th Cir.2001). Defendants argue that Kal Kan cannot demonstrate that it has suffered an injury in fact, on the ground that (1) Iams' "grocery brands" advertising is not comparative, (2) there is no evidence that Iams made comparative statements to retailers, and (3) Kal Kan's damages are speculative. While Defendants' assertion that Kal Kan cannot establish that it has suffered any economic injury concerns the "injury in fact" requirement of Article III standing, their two additional arguments relate to the first element of Plaintiff's Lanham Act claim, *i.e.*, whether they have made false or misleading statements about their product or Kal Kan's. With regard to "traceability", Defendants assert that Kal Kan cannot demonstrate that Iams' feeding guidelines actually caused consumers to purchase Iams' products instead of Kal Kan products. In addition, to the causation requirement of Article III standing, this argument relates to both the third and fifth elements of Plaintiff's false advertising claim. Thus, in order to respond to Defendants' arguments regarding Article III standing, Plaintiff would simultaneously be responding to an attack on the merits of its § 43(a) false advertising claim, a claim on which no discovery has been had. Accordingly, the Court concludes that the consideration of the parties' few evidentiary submissions and the employment of a summary judgment standard would be premature at this juncture.[4]

Accordingly, Defendants' Motion, in the alternative, for Summary Judgment on the issues of injury and standing (Doc. # 16 2) is OVERRULED. In addition, because the parties' evidence will not be considered, Defendants' Motions to Strike (Doc. # 40, Doc. # 53, Doc. # 60) are OVER-

---

**3.** In particular, § 43(a) provides, in pertinent part:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in a commercial advertising or promotion, misrepresents the nature, charac-

teristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

**4.** Even if the Court were to employ a summary judgment standard, the Court is astounded that Defendants could believe that this Court, or any court, would grant summary judgment on the issue of standing, based on a six paragraph affidavit that goes to the merits of the claim, without any discovery on the merits of that claim having taken place.

RULED as MOOT. In accordance with the Supreme Court's decision in *Lujan, supra,* and the Sixth Circuit's decision in *Huish Detergents, supra,* the Court will now address Defendant's Motion to Dismiss, pursuant to Rule 12(b)(1), accepting Plaintiff's allegations in its Amended Complaint as true.[5]

B. *Merits of Defendants' Motion to Dismiss, Pursuant to Rule 12(b)(1) (Doc. # 16–1)*

█ In their Motion, Defendants argue that Kal Kan lacks standing, because it cannot establish any of the constitutional standing elements, *i.e.,* an injury in fact, the traceability of that injury to Defendants' conduct, or redressability by the Court.[6] The Supreme Court has consistently stressed that a plaintiff's complaint must establish that he has a "personal stake" in the alleged dispute, and that the alleged injury suffered is particularized as to him. *Raines v. Byrd,* 521 U.S. 811, 819, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997).

The *Lujan* Court indicated that a "particularized" injury means that "the injury must affect the plaintiff in a personal and individual way." 504 U.S. at 560–61, 112 S.Ct. 2130; *see also Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 543–44, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (school board member who "has no personal stake in the outcome of the litigation" has no standing). In addition, the injury must be actual or imminent, not conjectural or hypothetical. *Bronco's Entertainment, Ltd.,* 29 Fed.Appx. 310, 312–13; *Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). However, as stated by the Sixth Circuit, "[f]ederal courts do not lack jurisdiction simply because a case may be ultimately found to have little or no merit. 'Injury in fact' is a standard meant to weed out those who have no interest in the action, not to deny a day in court to those who have weak cases." *Dilaura v. Ann Arbor Charter Twsp.,* 30 Fed.Appx. 501,

---

5. Both Kal Kan and Iams assert that, if the Court were to consider evidence, using either a Rule 12(b)(1) or Rule 56 means of analysis, the Court must hold an evidentiary hearing. The Court disagrees that an evidentiary hearing is necessary at this time. At present, there is no conflicting evidence regarding whether Plaintiff has suffered an injury in fact that is traceable to Defendants' alleged wrongful conduct. To the contrary, the Court lacks any evidence on these issues. *See Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998)(to conduct an evidentiary hearing on the existence of personal jurisdiction would be a waste of judicial resources if there was no such dispute as to the facts or to the extent of discovery). Thus, unless Defendants file a properly supported Motion on the issue of standing, *following the conclusion of discovery,* and Plaintiff responds with evidence demonstrating the existence of a genuine issue of material fact on that issue, such a hearing would be waste of this Court's judicial resources.

The parties' briefs have raised a number of additional issues, none of which bear on this

Court's analysis. Defendants argue that summary judgment is appropriate, because Plaintiff has failed to file a Rule 56(f) affidavit, setting forth, in detail, their need for discovery (Doc. # 23, n. 3). Because this Court is not applying a summary judgment standard, Defendants' argument is inapposite. In addition, Plaintiff raises the question of whether Defendants had improper *ex parte* communications with the Court, based on Defendants' assertion that this Court recently separated the issues of injury in fact and the merits of Kal Kan's Lanham Act counterclaim when it dismissed that claim in *Iams v. Kal Kan,* Case No. C–3–97–449, Decision and Entry dated Mar. 13, 2001 (S.D. Ohio, Western Div.,)(Rice, J.). There have been no improper *ex parte* communications between the Court and counsel, and the Court is able to determine the appropriate weight to give its decision in Case No. C–3–97–449, particularly in light of the fact that no expanded opinion has been filed.

6. Defendants have not asserted that Plaintiff's claims fall outside the zone of interest protected by the Lanham Act.

506 (6th Cir.2002). "All that the Article III's injury-in-fact element requires is "an identifiable trifle" of harm." *Joint Stock Society v. UDV North America, Inc.,* 266 F.3d 164, 177 (3d. Cir.2001), citing *United States v. Students Challenging Regulatory Agency Procedures,* 412 U.S. 669, 689 n. 14, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). In the case of a false advertising claim under the Lanham Act, the injury in fact and causation requirements can be met by showing that some consumers bought the defendants' product, under a mistaken belief about that product, when they otherwise would have purchased the plaintiff's product. *See Joint Stock Society,* 266 F.3d at 177 (injury in fact requirement could have been met by showing that some consumers who bought the defendants' vodka under the mistaken belief that it was of Russian origin and carried a notable pedigree would have otherwise bought the plaintiffs' product); *see also Logan v. Burgers Ozark Country Cured Hams, Inc.,* 263 F.3d 447 (5th Cir.2001) (Logan had standing to bringing Lanham Act claim when it alleged that HoneyBaked's literally false advertising about its own goods influenced its customers to buy its product instead of Logan's product.). Where the parties are direct competitors and injunctive relief is sought, a plaintiff may satisfy the "injury in fact" and causation standing requirements by alleging that the false advertising of defendant's product is likely to cause the plaintiff to suffer a loss in sales. *Havana Club Holding, S.A. v. Galleon, S.A.,* 62 F.Supp.2d 1085, 1097 (S.D.N.Y.1999), citing *Johnson & Johnson v. Carter–Wallace, Inc.,* 631 F.2d 186, 190 (2d Cir.1980).

■ Turning to Plaintiff's Complaint, Kal Kan has alleged that it has lost sales of its dog food products, as a result of Iams' advertising—via Defendants' product labels, Defendants' web sites, and representations to retail establishments—which imply to purchasers that they can get a premium quality product (*i.e.,* an Iams product) at the same effective cost as a "grocery brand" product (*i.e.,* a Kal Kan's product), because purchasers can use less Iams' product per serving for their dogs. These allegations satisfy the "injury in fact" and the "traceability" requirements of Article III standing. *See Conte Bros. Automotive, Inc. v. Quaker State–Slick 50, Inc.,* 165 F.3d 221, 225 (3d Cir.1998)(allegations in the complaint that the plaintiff class had lost sales of motor oil products as a result of the defendant's false advertising satisfied the first two components of Article III standing for Lanham Act claim). In its prayer for relief, Kal Kan has requested that the alleged false advertising be enjoined and that all profits that resulted from the advertising be disgorged, as well as an award of compensatory and punitive damages. Should Kal Kan ultimately prove its allegations of a Lanham Act violation, this Court would be able to redress its injury by providing the requested relief. Thus, Plaintiff has satisfied the third element of constitutional standing. In summary, the allegations in Plaintiff's Amended Complaint, if taken as true, indicate that Kal Kan has suffered an injury in fact that is traceable to Defendants' false advertising of its dog food products, and that those injuries could be redressed by the Court. Accordingly, the Court concludes that, at the pleading of stage of this litigation, Plaintiff has set forth sufficient factual allegations to establish that it has standing under § 43(a) of the Lanham Act. Defendants' Motion to Dismiss, pursuant to Rule 12(b)(1), is OVERRULED.[7]

---

**7.** The Court reiterates that at the summary judgment stage of the litigation, *following the conclusion of discovery,* Defendants may again challenge Plaintiff's standing. Plaintiff will then be required to bring forth evidence to support its assertion that it has Article III standing.

II. *Plaintiff's Motion to Compel Initial Disclosures (Doc. # 33)*

On May 25, 2001, the parties filed their Rule 26(f) Report (Doc. # 21) with the Court. In that Report, Defendant Iams objected to making any initial disclosures, pursuant to Fed.R.Civ.P. 26(a)(1), on the ground that such disclosures are inappropriate in light of its pending Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. # 16). Plaintiff responded to Iams' objection to making initial disclosures (Doc. # 24), arguing that Iams cannot make a strong showing that Kal Kan's Amended Complaint is unmeritorious, and that the sustaining of Defendants' Motion to Dismiss will not resolve the entire litigation. Plaintiff further argued that the burden of identifying those individuals who likely have discoverable information is slight compared to the benefit that will inure to Plaintiff by allowing it to tailor discovery requests based on that disclosure. Iams has responded that it has agreed to engage in discovery as it relates to its pending Motion to Dismiss. If further asserts that its pending Motion to Dismiss is meritorious, and that the burdens of providing the initial disclosures will be substantial.

On July 11, 2001, the Court issued its Preliminary Pretrial Conference Order ("PPCO") (Doc. # 32). In that Order, the Court indicated that Rule 26(a)(1) disclosures were to be made by August 6, 2001. Following the Preliminary Pretrial Conference, Plaintiff contacted Defendants, inquiring whether they intended to make the required disclosures by August 6th. Defendants informed Plaintiff that it did not believe that the Court had ruled on their objections in the Rule 12(f) Report when it issued its PPCO, that they would not make the disclosures unless the Court ruled on its objections prior to August 6th, and that they did not expect Plaintiff to make such disclosures. In response, on July 18, 2001,

Kal Kan filed a Motion to Compel Defendants to Make the Rule 26(a)(1) Disclosures and a request for Sanctions (Doc. # 33). The parties have filed numerous replies and sur-replies which reiterate their positions and challenge the opposing party's supporting documentation (Doc. # 37, # 38, # 39, # 41, # 52, # 54, # 57).

In light of the fact that Defendant's Motion to Dismiss (Doc. # 16–1) or, in the alternative for Summary Judgment (Doc. # 16–2) has been ruled upon herein, the basis for Defendants' failure to provide initial disclosures no longer exists. Accordingly, Plaintiff's Motion to Compel the Rule 26(a)(1) Initial Disclosures is SUSTAINED. The initial disclosures must be exchanged on or before April 23, 2002. Plaintiff's Motion for Sanctions (Doc. # 33) is OVERRULED, without prejudice for renewal at the conclusion of this litigation, should Kal Kan continue to believe that sanctions are warranted. Should Plaintiff choose to renew its Motion for Sanctions, it must indicate the amount of sanctions that it considers appropriate, and must provide, in detail, the basis for that amount.

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. # 16–1) and its Motion, in the alternative, for Summary Judgment (Doc. # 16–2) are OVERRULED. Defendants' Motions to Strike (Doc. # 40, Doc. # 53, Doc. # 60) are OVERRULED as MOOT. Plaintiff's Motion to Compel (Doc. # 33) is SUSTAINED, and its Motion for Sanctions (Doc. # 33) is OVERRULED, without prejudice to renewal at the completion of this litigation.

Counsel listed below will note that a telephone conference call will be held, beginning at 8:20 a.m., on Tuesday, April 23, 2002, in order to discuss the viability of the

scheduling order, entered on July 11, 2001 (Doc. # 32).