**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0061n.06
Filed: January 24, 2007

**No. 06-1381**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BRONCO'S ENTERTAINMENT, LTD. and RAWSONVILLE LAND COMPANY, INC., | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| CHARTER TOWNSHIP OF VAN BUREN, | ) ) | EASTERN DISTRICT OF MICHIGAN AT DETROIT |
| Defendant-Appellee. | ) | |

Before: BOGGS, Chief Judge; COOK, Circuit Judge and ROSE, District Judge[*]

Rose, District Judge. Plaintiffs/Appellants Bronco's Entertainment, Ltd. and Rawsonville Land Company, Inc. appeal the district court's denial of prevailing party status and the resulting denial of attorney fees for their challenge to certain adult speech licensing provisions in Defendant/Appellee Charter Township of Van Buren's code of ordinances. Bronco's Entertainment, Ltd. and Rawsonville Land Company, Inc. lost on some of their claims but obtained a judgment striking down two provisions of Van Buren's local licensing ordinance. For the reasons indicated below, we **REVERSE** and **REMAND**.

**I.     BACKGROUND**

This case is before this court for the third time. The underlying matter is a civil rights action

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

brought by Plaintiffs Bronco's Entertainment, Ltd. and Rawsonville Land Company, Inc. (the "Plaintiffs") against the Charter Township of Van Buren (the "Township") alleging that the Township's licensing and zoning ordinances violated the First and Fourteenth Amendments. The Plaintiffs planned to open a topless bar in Van Buren Township.

The United States District Court for the Eastern District of Michigan initially dismissed the action for lack of standing. The Plaintiffs appealed. On appeal, this court sustained their right to challenge the constitutionality of the Township's licensing and zoning ordinances. *Bronco's Entertainment, Ltd. v. Charter Township of Van Buren*, 29 Fed. App'x. 310, 2002 WL 193932 (6th Cir. Feb. 5, 2002) ("*Bronco's I*").

On remand, the District Court entered judgment for the Township on the merits and The Plaintiffs again appealed. This court affirmed in part and reversed in part. *Bronco's Entertainment, Ltd. v. Charter Township of Van Buren*, 421 F.3d 440, 443 (6th Cir. 2005) ("*Bronco's II*"). It explained:

> We are not persuaded that the township's site plan and "special" approval requirements operate as prior restraints that violate the First Amendment. Site plan approval is a generally applicable requirement that does not seek to limit speech, and the "special" approval process is subject to procedural safeguards that adequately protect against censorship. Nor are we persuaded that the Liquor Control Commission's requirement of a "topless activity permit" affects this case [since it applies only in counties with a population of 95,000 or less, and Wayne county (where Van Buren is located) has more than 95,000 people].
> We are satisfied, moreover, that the township's geographic restrictions on sexually oriented businesses are aimed at the secondary effects of such businesses, are narrowly tailored to serve a substantial government interest, and leave open alternative channels for erotic expression. And we see nothing unconstitutional about a 182-day land use moratorium adopted by the township; the moratorium was put in place for a proper purpose and not for suppression of the plaintiff's speech.
> We conclude, however, that the township's system of licensing sexually oriented businesses is unconstitutional insofar as it authorizes discretionary denial of a license without providing for accelerated judicial review. Absent an appropriate judicial review procedure, we are compelled to sever and invalidate the discretionary-denial feature of the licensing ordinance. The rest of the ordinance will be left intact.

*Id.*

The court specifically held that two parts of the Township's licensing ordinance gave the licensing officials too much discretion to be consistent with the First Amendment absent an accelerated-review provision. Paragraph 22-403(i)(7) "requires a judgment as to whether an applicant [for a sexually-oriented-business license] who has been connected with a sexually oriented business during the past year 'has demonstrated an inability to operate or manage a sexually oriented business premises in a peaceful and law-abiding manner.'" *Id.* at 449 (quoting Van Buren Code of Ordinances § 22-403(i)(j)). Subsection 22-403(j) "authorizes denial of a license if 'the chief of police determines that the applicant is presently unfit to operate a sexually oriented business due to the applicant's overall criminal record, regardless of the date of any criminal conviction.'" *Id.* at 448 (quoting Van Buren Code of Ordinances § 22-403(j)). Relying on a severability clause in the licensing ordinance, the court struck down these two provisions but upheld the rest of the ordinance. *Id.* at 449.

On October 10, 2005, back in the district court, the Plaintiffs and the Township both moved for attorney's fees pursuant to 42 U.S.C. § 1988. The Plaintiffs requested a total of $541,257.50 in fees and an additional $376 in expenses. The district court referred the dueling fee requests to a Magistrate Judge who issued a Report and Recommendation that both fee requests be denied.

Regarding the plaintiffs' fee request, the Magistrate Judge reasoned:

> Plaintiff in this case is not entitled to attorney fees because he is not the prevailing party. He failed to prevail on any significant issue in the case. Plaintiff lost on the merits on all issues in the district court and only succeeded on having two portions of an ordinance severed from the whole. The entire ordinance was not struck down.
> Simply put, Plaintiff has not obtained a judicially sanctioned change in the legal relationship of the parties, or even that a legal relationship exists.

Over the Plaintiffs' objections, the district court adopted the Magistrate Judge's Report and

Recommendation in its entirety. The Plaintiffs now appeal. The Township did not file a cross-appeal and, in its response to the Magistrate Judge's Report and Recommendation, conceded that it is not entitled to fees.

The Plaintiffs argue that they are a prevailing party because two sections of the ordinance that they challenged were struck down. The Plaintiffs also argue that, since they are prevailing parties, they are entitled to attorney's fees.

## II.    JURISDICTION

A district court retains jurisdiction to address a claim for attorney's fees even after it has fully resolved the merits of a case. *See Deja Vu of Nashville, Inc. v. Metropolitan Government of Nashville & Davidson County, Tennessee*, 421 F.3d 417, 419 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 2916 (2006). Further, the district court's final order addressing attorney's fees is a final judgment. *See McCain v. Detroit II Auto Financing Center*, 378 F.3d 561, 562 (6th Cir. 2004). Plaintiffs' appeal was timely filed and this court has subject matter jurisdiction to hear the appeal of the district court's final judgment pursuant to 28 U.S.C. § 1291.

## III.    STANDARD OF REVIEW

A district court's determination of prevailing party status is reviewed for clear error. *DiLaura v. Township of Ann Arbor*, Nos. 05-2482 & 2506, 2006 WL 3780596 at * 2 (6th Cir. Dec. 27, 2006) (citing *Knology, Inc., v. Insight Communications Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006)). A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Vasquez*, 352 F.3d 1067, 1070 (6th Cir. 2003) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564 (1985)). Said another way, a judgment is reversible if it resolves issues in a clearly erroneous manner.

## IV.    DISCUSSION

The Plaintiffs argue that they were prevailing parties and are entitled to attorney's fees pursuant to 42 U.S.C. § 1988. When a case is brought under 42 U.S.C. § 1983, as this one was, section 1988 provides that the court must award attorney's fees where the plaintiff prevails and special circumstances are absent. *Deja Vu*, 421 F.3d at 420. In this case, none of the parties argue that special circumstances exist.

A court must conduct a two-part inquiry to determine whether an award of attorney's fees under section 1988 is appropriate: first, whether the moving party is a 'prevailing party'; and second, whether the moving party's victory was sufficient to justify a fee award of a particular amount. *D.L.S., Inc. v. City of Chattanooga*, 149 F.3d 1182, 1998 WL 344046 at \*3 (6th Cir. May 28, 1998) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

In this case, the court need only address whether the Plaintiffs are prevailing parties. If they are prevailing parties, the matter should be remanded to the district court for a determination as to the amount of attorney's fees that is justified by their victory. *Citizens Against Tax Waste v. Westerville City School District*, 985 F.2d 255, 258 (6th Cir. 1993).

A plaintiff is a prevailing party when actual relief on the merits of his or her claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Farrar*, 506 U.S. at 111-12. To obtain a material alteration in the legal relationship, a plaintiff "must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement."[1] *Id.* at 111 (citations omitted).

---

[1]"The Supreme Court has rejected a 'central issue test' which would require a party to succeed on the main issue of the litigation to be considered 'prevailing.'" *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993) (citing, *inter alia*, *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 790 (1989)).

The Supreme Court and this court have routinely afforded prevailing party status to plaintiffs who obtained considerably less than a full victory. In *Farrar*, for example, a plaintiff suing under section 1983 sought $17 million in damages from a state government but received only $1 in nominal damages. 506 U.S. at 107. The Supreme Court held that the plaintiff nevertheless was a prevailing party, reasoning that "a plaintiff may demand payment for nominal damages no less than he may demand payment for millions of dollars in compensatory damages." *Id.* at 113.

In another example, this court applied the same law to determine whether a party is a prevailing party to an Individuals With Disabilities In Education Act ("IDEA") case as it does to section 1988 cases. *Phelan*, 8 F.3d at 373. This court held that a parent suing under the IDEA was a prevailing party when the court had held that the defendant school administrator must work with her to develop a new Individualized Education Plan for her disabled son but refused to order the defendant to adopt the particular plan that she had proposed and was the primary focus of the litigation. *Id.* at 374.

Similarly, in *Dambrot v. Central Michigan University*, a former basketball coach and some of his players challenged a school's harassment policy after the school fired the coach for violating the policy. 55 F.3d 1177, 1180 (6th Cir. 1995). The court rejected the coach's First-Amendment-based wrongful-termination claim but held that the harassment policy itself was unconstitutional. *Id.* It held that the players were prevailing parties entitled to attorney's fees under section 1988, reasoning that "[t]he vindication of rights under the First and Fourteenth Amendments, whether or not such rights had been infringed upon, constitutes relief such the Plaintiffs should be deemed prevailing parties." *Id.* at 1192.

Against this legal background, the Plaintiffs in this case are prevailing parties. The relief sought by the Plaintiffs was a declaratory judgment that four sections of the Van Buren Township

zoning regulations violate the First and Fourteenth Amendments. They obtained an enforceable judgment barring the application of two of the provisions in the Township's licensing ordinance.

Before the litigation, the Township could have denied the Plaintiffs a license if the licensing official had concluded that the Plaintiffs had "demonstrated an inability to operate or manage a sexually oriented business premises in a peaceful and law-abiding manner," Van Buren Code of Ordinances § 22-403(i)(7), or if the chief of police had concluded that the Plaintiffs were "presently unfit to operate a sexually oriented business due to the applicant's overall criminal record, regardless of the date of any criminal conviction," *id.* § 22-403(j). After the litigation, the Township no longer could deny the Plaintiffs a license for either reason. These changes materially altered the legal relationship between the government entity that enforced the ordinance and the people that were burdened by it.

The district court committed a mistake when it reached a contrary conclusion. The district court reasoned that, because the Plaintiffs still must comply with the licensing ordinance, they have "not obtained a judicially sanctioned change in the legal relationship of the parties." However, the law with which the Plaintiffs must comply is not the law which the Plaintiffs challenged because the ordinance no longer includes two provisions that this court found to be unconstitutional. As in *Farrar* and *Phelan*, the Plaintiffs obtained an enforceable alteration in their legal relationship with the Township without obtaining all of the changes that they sought.

The Township makes four arguments for affirmation of the district court's judgment.[3] First, the Township argues that no "legal relationship" exists between the Plaintiffs and the Township because the Plaintiffs never actually applied for a sexually oriented business license. (Township's

---

[3]The township advanced the first two of these arguments only before the district court and advanced the remaining two before this court.

Response To Plaintiffs' Objections To Magistrate Judge Capel's Report and Recommendation.) The court's decision in *Bronco's I* forecloses this argument since the Plaintiffs could not have had standing to sue in the first place if they had no legal relationship with the township. *See* 29 Fed. Appx. at 312 (concluding that the plaintiffs suffered an injury fairly traceable to the township's actions even though they never applied for a license). *See also Dambrot*, 55 F.3d at 1192 (recognizing a legal relationship between the basketball-player plaintiffs and the defendant university even though nothing in the record indicated that any of the players had violated or planned to violate the university's challenged harassment policy).

Second, the township argues that the Plaintiffs did not even prevail with respect to the two provisions that were declared unconstitutional. (Township's Response To Plaintiffs' Objections.) The Plaintiffs, according to the Township, challenged the constitutionality of sections 22-403(i)(7) and 22-403(j) on the ground that those provisions gave "unbridled discretion" to township officials while this court struck down those provisions "exclusively on the issue of 'prompt judicial review.'" *Id.* Yet, "unbridled discretion" and "prompt judicial review" are two sides of the same coin. This court held that sections 22-403(i)(7) and 22-403(j) were unconstitutional absent a provision for prompt judicial review precisely because those provisions required "an exercise of discretion by government officials." *Bronco's II*, 421 F.3d at 449. Further, even if the Plaintiffs had obtained relief on a different ground than they had argued, the dispositive determinate of prevailing party status is whether the Plaintiffs received a favorable, enforceable judgment on the merits – not whether a court agreed with the specific legal claims the plaintiffs advanced. *See Farrar*, 506 U.S. at 113.

Third, the Township argues that the Plaintiffs are not entitled to prevailing party status because this court "upheld the vast majority of the ordinance, and struck down only two minor

procedural provisions." The Township also argues that the Plaintiffs won a "minor victory offset by a major victory on behalf of Van Buren Township." However, the Supreme Court has rejected the "central issue" test that would support this argument in favor of the "material alteration" test which does not support this argument. *See Phelan*, 8 F.3d at 373.

Finally, the Township argues that the Plaintiffs did not prevail because the Township cured the constitutional defect in sections 22-403(i)(7) and 22-403(j) in 2002 while this litigation was pending by adding a new provision providing for prompt judicial review. However, this claim is both factually inaccurate and irrelevant.

It is factually inaccurate because the text of the alleged 2002 amendment, which is not included anywhere in the Joint Appendix, is the language that this court struck down in *Bronco's II*, which was decided in 2005. Consequently, the township's claim that the constitutional defects were "remedied by amendments while this litigation was pending" is not truthful.

This claim is irrelevant because the plaintiffs in this case obtained a judgment and the township's statutory amendment could not alter their status as prevailing parties. *Cf. Deja Vu*, 421 F.3d at 421-22 (holding that changes in law occurring after a final judgment cannot alter a plaintiff's status as a prevailing party). In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, the Supreme Court affirmed a denial of attorney's fees but explicitly distinguished a case in which, despite an intervening or subsequent curing action, the plaintiff received an enforceable judgment that the defendant acted unlawfully. 532 U.S. 598, 610 (2001).

IV.     **CONCLUSION**

The determination by this court that sections 22-403(i)(7) and 22-403(j) of the township's ordinance are unconstitutional alters the legal relationship between the parties. As a result, the Plaintiffs are prevailing parties with respect to two of the issues and no others. Therefore, the district

court's decision that the Plaintiffs are not entitled to attorney's fees is **REVERSED**.  This matter

is **REMANDED** to the district court to calculate the appropriate fee award.